State vs. Dubois.

## No. 9971.

### THE STATE OF LOUISIANA VS. GILBERT DUBOIS.

In an appeal by the State from a judgment sustaining a motion to quash an indictment; rulings made in favor of the State cannot be discussed, as the accused who has not yet been tried could not appeal.

Act No. 8 of the Extra Session of 1870, entitled an act relating to crimes and offenses, is not unconstitutional. Reaffirming State vs. Taylor, 34 Ann. 798.

APPEAL from the Twelfth District Court, Parish of Rapides. *Blackman*, J.

*M. J. Cunningham*, Attorney General, and *John C. Wickliffe*, District Attorney, for the State, Appellant.

*M. C. Moseley* for Defendant and Appellee.

The opinion of the Court was delivered by

POCHÉ, J. The State appeals from a judgment quashing an indictment which charged that the accused did "wilfully, feloniously and maliciously conspire, combine, confederate and agree together with one William Smith to commit and procure the commission of the crime of murder by wilfully, feloniously and of his malice aforethought to kill and murder one William Hull, and to procure said William Hull to be wilfully, maliciously and feloniously killed and murdered." * * *

The grounds of the motion were:

1. That conspiracy is an offense at common law, which in its nature cannot be committed by a single individual, and this defendant is the only person charged with this conspiracy.

2. That the indictment is void for duplicity.

3. That the Act No. 8 of the Legislature of 1870, approved March 16, 1870, under which the indictment was framed, is violative of Art. 114 of the Constitution of 1868, as it does not contain in its title the object or objects for which it was enacted.

The first two grounds were overruled, and cannot be reviewed in an appeal taken by the State, and because the defendant, having not yet been tried and convicted, could not appeal from that ruling.

The question involved in the third ground was once presented to this Court, where it was decided adversely to defendant's present contention, and directly to the reverse of the district judge's ruling in the instant case. We refer to the case of the State vs. Taylor, 34 Ann. 978, in which, after mature consideration of the subject, we held that "Act No. 8 of the Extra Session of 1870, entitled an Act relating to crimes and offenses, is not unconstitutional." A second examination has satisfied us of the correctness of our views in the case referred to, which we hereby reaffirm without repeating them, nothing more being now necessary than to refer them to the attentive consideration of our learned brother of the district bench, who it seems had not yet had the opportunity to become informed of their tenor and effect. In his brief the district attorney informs us that the opinion in question was not read to the judge. "There being no annuals in the court-room, the district attorney could only state to the judge that such a decision had been rendered." It might enhance the administration of justice, and it might be in the interest of the parishes which are burdened with heavy costs incurred in the prosecution of crimes, if the trial judges and district attorneys could have at hand the books and other authorities necessary to a correct solution of law-points raised during such trials.

It is, therefore, ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed; and it is now ordered that the motion to quash the indictment be overruled, and that this cause be remanded to the lower court for further proceedings according to law.