ROGERS', J.
 

 On March 13, 1329, an information was filed in the criminal district court for the parish' of Orleans charging the defendant and two other persons jointly with having violated section 1 of Act No. 211 of 1928. ‘ The information contains only one count, and, omitting the formal parts, reads as follows, viz.:
 

 “Frank St. Philip and Mrs. Frank St. Philip and one Carlo St. Philip * * * on the ninth day of March, 1929, did then and there wilfully, maliciously and feloniously set fire to and burn, and cause to be burned, and did then and there wilfully, maliciously and fe-loniously aid, counsel and procure the burning of a certain dwelling-house, bearing the municipal number six thousand and thirty-seven (6037) Iberville Street, in the City of New Orleans.”
 

 The case was tried in the month of April, the jury rendering a verdict of acquittal as to Mrs. Frank St. Philip and Carlo St. Philip, and being unable to agree on a verdict as to Frank St. Philip. The latter was again tried on the information in the month of May, 1929, nine of the twelve jurors sitting on the case, returning the following oral verdict, viz.:
 

 “Guilty of wilfully, maliciously and feloni-ously aiding, counselling and procuring the burning of the dwelling house No. 6037 Iber-ville Street, in the City of New Orleans.”
 

 Motions for a new trial and in arrest of judgment were overruled, and the defendant was sentenced to imprisonment for ten years at hard labor in the state penitentiary. From the conviction and sentence, defendant prosecutes the present appeal.
 

 The sole question raised by defendant on his appeal is as to the legality of the verdict, his contention being that, since his codefend-ants had been acquitted, the only legal verdict that could have been found against him was that he had burned the dwelling house referred to in the information, provided there was any evidence to support such finding.'
 

 It is argued on behalf of the státe that the bill of information drawn under section 1 of Act No. 211 of 1928 falls within the terms of Crim. Code, art. 222, reading as follows, viz.:
 

 “Several distinct offenses, or the intent necessary to constitute such offenses, disjunctively enumerated in the same law or in the same section of a criminal statute, may he cumulat-ed in the same count, when it appears that they are connected with the same transaction and constitute but one act, but in that event they must be charged conjunctively.”
 

 It is also argued on behalf of the state that,
 
 *471
 
 under Crim. Code, art. 238, providing that an accessory before the fact may be indicted as a principal, all the original defendants were charged as principals with doing a particular act and causing the same to be done. That the information is not limited by its language to the defendants named alone, but includes any other persons, known or unknown, who might have committed the particular crime charged at the instance of any one of the defendants, and it must be presumed that there was evidence before the jury that the present defendant aided, counselled, and procured the burning of the dwelling house in question.
 

 We find ourselves unable to accept the argument that the bill of information is unlimited in its scope with respect to the person or persons whom the defendant is charged with aiding, counselling, and procuring to commit the alleged offense of burning a dwelling house. The general rule in all criminal prosecutions is that the indictment or information must state the facts constituting the crime with such certainty and so specifically that, upon hearing the charge read, the defendant shall clearly understand the accusation against him; nothing can be taken by implication, and every ingredient of the crime charged must be set forth.
 

 An ingredient of the crime of aiding, coun-selling, and procuring the burning of a dwelling house' is a person in esse who was aided, counselled, or procured to commit the unlawful act. The indictment must either set forth the name of the person or declare that he is unknown to the prosecution.
 

 In the case before us, it was not necessary for the defendants to require the state to furnish a bill, of particulars in that respect, because the offenses were legally and fully charged. The three original defendants were all jointly informed against as principals with having burned the house in question, or with aiding, counselling, and procuring its burning. There was no uncertainty about the information, and, upon hearing it read, the defendants were immediately in a position to clearly understand that they were charged, first, with jointly or separately burning a dwelling house, and, secondly, with separately aiding, counselling, and procuring either or both the other defendants to do so. NO other person or persons were involved in the charge.
 

 Therefore the question' in the case is, after the acquittal of the appellant’s codefendants of the crime charged, Is there any basis for this prosecution on any other charge than that of actually burning the dwelling house mentioned in the bill of information? It is true, the appellant is being prosecuted as a principal, but he could be guilty of the offense of which he was convicted only upon the hypothesis that his codefendants, or either of them, burned the dwelling house. If they did not burn the dwelling house, and the jury who tried them has said they did not do so, then there was no crime committed of which the present defendant could have been guilty of aiding, counselling, and procuring.
 

 A case similar in principle to the one presented here is the ease of State v. Haines, 51 La. Ann. 733, 25 So. 372, 373,
 
 44
 
 L. R. A. 837. In that case two parties were jointly indicted as principals for rape upon a woman, who, it appears from the evidence but not from the indictment, was the wife of one of the defendants. The defendant who was with the husband when the alleged crime was perpetrated was granted a severance and acquitted. Subsequently, the husband was tried and convicted. The verdict was annulled on appeal, this court holding that the acquittal of the party who was the real principal necessarily put an end to the prosecution against the husband, since a husband can commit rape upon
 
 *473
 
 his wife only where he procures the commission of the crime by another, or aids, abets that other.' In the course of its opinion the court said:
 

 “Our law declares that all parties present aiding and abetting in the commission of a felony may be indicted, convicted, and punished as principals.
 

 “But, while this is so, the common-law distinction is not to be lost sight of. This distinction at common law found expression in degrees of guilt. ‘A principal in the first degree,’ says Blackstone (Comm. Bk. 4, p. 34), ‘is the actor or absolute perpetrator of the crime; and, in the second degree, he is who is present aiding and abetting the act to be done.’
 

 “Our law has done away with this distinction so far as charging the crime and punish-, ing it, but the reason upon which it rests remains, and must be applied in a case like the instant one. To make a man a principal in the second degree, there must be a principal in the first degree; that is to say, there must be one who does the act or thing without which there is no crime, and with respect to the doing of which the other, or principal in the second degree, was present, aiding and abetting.
 

 “If there be no principal in the first degree, no one who does the act or thing constituting the crime, there can, of course, be no principal in the second degree.
 

 “The principal in the first degree is the one who actually commits the criminal act. By his act he is guilty, without reference to the act of the other, or principal in the second degree ; but the latter cannot be guilty of crime unless the former actually perpetrates the act. One cannot be guilty of aiding and abetting the perpetrator of a crime without its first being shown that the crime has been actually committed by another. Mulligan v. Com., 84 Ky. 232, 1 S. W. 417; Bowen v. State, 25 Fla. 645, 6 So. 459; State v. Antoine, 42 La. Ann. 945, 8 So. 529.”
 

 And in State v. Antoine and Valiere, 42 La. Ann. 945, 8 So. 529, referred to in the quoted portion of the opinion in State v. Haines, this court held that, if in one count a party is charged with larceny and in another count a second party is charged with receiving the stolen property, and upon a severance the party charged with larceny is acquitted, the party charged with receiving the property alleged to have been stolen cannot be convicted.
 

 The presumption invoked by the state that the verdict of the jury indicates there was sufficient evidence before them to warrant the conviction of the appellant of aiding, counsel-ling, and procuring the burning of the dwelling house in question must yield to the even stronger presumption that the state did not, and could not, prove anything beyond what was charged in the bill of information.
 

 The jury by their verdict must necessarily have found that the dwelling house had been burned by Mrs. Frank St. Philip and Carlo St. Philip, or by either of them. But they were mistaken in so doing, because on the previous trial the jury declared that these particular defendants did not commit that act. If, in point of fact, neither Mrs. St. Philip nor Carlo St. Philip burned the house, then the conviction of Frank St. Philip for aiding, counselling, and procuring them to do so is clearly erroneous.
 

 Our conclusion is that the conviction and sentence herein cannot be permitted to stand.
 

 For the reasons assigned, the conviction and sentence appealed from aire annulled, and this case is remanded to the district court for further proceedings consistent with the views herein expressed.