ST. PAUL, J.
 

 The defendant Lawrence Orlando, together with one Lilly Orlando, one John Walter Williams, and one Rosie Williams were charged with setting fire to and burning a certain dwelling house; also that said defendants and each of them, did “aid, counsel, and procure, with each other, and with certain persons whose names are to your District Attorney unknown, the burning of said dwelling house.”
 

 The jury found the defendant Lawrence Orlando guilty of “aiding, counseling and procuring the burning” of said dwelling house, 'and found the three other defendants not guilty.
 

 This defendant’s appeal brings up for review eight bills of exception, of which the last, No. 8, relates to a motion in arrest of judgment. As we think the motion in ,arrest of judgment should have been sustained, it will be unnecessary to consider the other bills.
 

 Act No. 211 of 1928, § 1, denounces as guilty of arson “any person who wilfully or maliciously sets fire to or burns or causes to be burned or who aids, counsels or procures the burning of any dwelling house, etc.”
 

 In State v. St. Philip, 169 La. 468, 125 So. 451, this court held that in applying the provisions of said act, the common-law distinction between principals in the first degree and principals in the second degree must not be lost sight.of, and that under the provisions of that act those who actually set fire to or bum any dwelling house, etc., are principals in the first degree, and those who only aid, counsel,' or procure the burning thereof are principals only in the second degree; that in order to convict a principal in the second degree it must be shown that there was a principal in' the first degree, i. e. some one who actually set fire to or burned the dwelling house.
 

 In that case it was charged that Frank St. Philip' Mrs. Frank St. Philip, and
 
 Carlo St.
 
 Philip did set fire to and burn a certain1 dwelling house, and did aid, counsel, and procure the burning thereof. There were two trials; in the first trial Mrs. Frank St. Philip and Carlo St. Philip were acquitted, and there was a mistrial as to Frank St. Philip. On the second trial Frank St. Philip was convicted of “aidifig, counseling and nrocuring the burning.” As the verdict of the first jury was conclusive that Mrs. Frank St. Philip and Carlo St. Philip did not burn the dwelling house, it was clear that Frank St. Philip could not be found guilty of aiding, counseling, or procuring them to do so, and the only matter left open for further inquiry was whether Frank St. Philip had himself set fire to and burned the dwelling, i. e. “the only legal verdict that could have been found against him was that he had burned the dwelling house referred to in the information, provided there was any evidence to support such finding,” and the case was remanded to the district court “for further proceedings consistent with the views herein expressed.”
 

 The case before us is precisely the same as the St. Philip Case except in one particular In the St. Philip Case three named persons were charged with the actual burning of the dwelling; two of them were acquitted; and we held that the third could not be convicted of aiding, counseling, and procuring the burning of the dwelling by the other two, but only of actually himself setting fire to and burning the dwelling.
 

 
 *101
 
 We did hold in that case, in effect, that if the indictment had charged that these three persons
 
 and others unlcnotcn to the district attorney
 
 had set fire to and burned the dwelling, or that these three persons had aided, counseled, and procured each other
 
 and other persons unlcnotcn to the district attorney,
 
 to burn the dwelling, then that the verdict would have been good. But that was not what was charged.
 

 It is contended by the state, however, that the indictment in the present case makes exactly the charge which would have sufficed to maintain the verdict in the St. Philip Case, to wit, that these defendants did aid, counsel, and procure each other
 
 and other persons unlmoum to the district attorney
 
 to burn the dwelling. But that is not correct; the indictment charges that these defendants did set fire to and burn the dwelling, and that they did “aid, counsel and procure, with each other, and with certain persons whose names are to your district attorney unknown, the burning of a certain dwelling house.”
 

 In other words, this indictment nowhere charges that the unknown persons set fire to and burned the house, but merely that these unknown persons aided, counseled, and procured (together with the defendants) the burning of the house; and the first part of the indictment charges distinctly that the house was set fire to and burned by the four defendants themselves.
 

 So that the case is precisely the same as the St. Philip Case. Here, as in the St. Philip Case, the indictment charges that the dwelling was set fire to and burned by certain designated persons; there the designated persons were charged with aiding, counseling,, and procuring each other to hum it, whilst here it is charged that the designated persons and unknown persons aided, counseled, and procured the burning of the house. But this indictment does not charge that the unknown persons set fire to and burned the house; on 'the contrary, it charges that the house was set fire to and burned by (one of) the four designated persons.
 

 Hence it follows that this defendant cannot be convicted of aiding, counseling, and procuring the unknown persons to set fire to and burn the house, since it is charged only that the house was set fire to by one of four designated persons.
 

 Hence also, as in the St. Philip Case, the only verdict which the jury, upon acquitting the other three defendants, could have returned against this defendant upon this indictment, was a verdict of guilty of setting fire to and burning the dwelling.
 

 Decree.
 

 Eor the reasons assigned, the conviction and sentence appealed from are annulled, and this case is remanded to the district court fox-further proceedings consistent with the views herein expressed.-