144 So. 735

## STATE v. FABIANO.

No. 31917.

Oct. 31, 1932.

On Rehearing Nov. 28, 1932.

George P. Platt and Carl A. Conrad, both of Algiers, and George P. Nosacka, of New

Orleans (Chandler C. Luzenberg, Sr., of New Orleans, of counsel), for appellant.

Gaston L. Porterie, Atty. Gen., and Eugene Stanley, Dist. Atty., Niel F. Hertz, Asst. Dist. Atty., and J. Bernard Cocke, Asst. Dist. Atty., all of New Orleans, for the State.

LAND, J.

The first count of the information charges that defendant "did, with certain persons whose names are to your Assistant District Attorney, aforesaid, unknown, then and there wilfully, maliciously and feloniously set fire to and burn, and cause to be burned, a certain dwelling house bearing the Municipal Number 1620 Behrman Avenue, in the City of New Orleans."

In the second count, it is charged that defendant "did then and there wilfully, maliciously and feloniously, with certain other persons whose names are to your Assistant District Attorney, aforesaid, unknown, aid, counsel and procure the burning of a certain dwelling house bearing the Municipal Number 1620 Behrman Avenue, in the City of New Orleans."

Defendant was acquitted on the first count, but found guilty on the second count, and was sentenced to imprisonment in the state penitentiary at hard labor for a term of 10 years.

On appeal he has presented two bills of exceptions.

Bill No. 1.

1. The motion for new trial, in so far as it alleges that the verdict is contrary to the law and the evidence, presents nothing that this court can consider.

2. But it is averred in this motion that "defendant in this case was charged in Count One of the Bill of Information with actually setting fire to and burning his dwelling house, therefore constituting him a principal in the first degree; that in Count Two he was charged with the procurement of the burning of his dwelling house, thereby constituting him a principal in the second degree; that, in order to convict a principal in the second degree, it must be shown that there was a principal in the first degree, i. e., some one who actually set fire to the dwelling house; that your defendant, having been acquitted in Count One, was therefore erroneously convicted on Count Two by the jury."

It is stated in State v. St. Philip, 169 La. 471, 125 So. 451, 452, that: "An ingredient of the crime of aiding, counselling, and procuring the burning of a dwelling house is a person in esse who was aided, counselled, or procured to commit the unlawful act. The indictment must either set forth the name of the person or declare that he is unknown to the prosecution."

In the same case, at page 473, of 169 La., 125 So. 451, 453, it is said: "If there be no principal in the first degree, no one who does the act or thing constituting the crime, there can, of course, be no principal in the second degree.

"The principal in the first degree is the one who actually commits the criminal act. By his act he is guilty, without reference to the act of the other, or principal in the second degree; but the latter cannot be guilty of crime unless the former actually perpetrates the act. One cannot be guilty of aiding and abetting the perpetrator of a crime without its first being shown that the crime has been

actually committed by another. Mulligan v. Com., 84 Ky. 232, 1 S. W. 417; Bowen v. State, 25 Fla. 645, 6 So. 459; State v. Antoine, 42 La. Ann. 945, 8 So. 529." See, also, State v. Orlando, 171 La. 98, 129 So. 685.

Defendant, and others unknown, charged in the first count of the information with burning the dwelling house as principals, have been acquitted, and have passed out of the case as principals.

Defendant, and others unknown, are merely charged in the second count as principals in the second degree with aiding, counselling, and procuring the burning of the dwelling house, without setting forth the name or names of the persons or principals aided, counselled, or procured to burn the dwelling house, and also without declaring that they are unknown to the prosecutor.

The same issue is presented in bill of exception No. 2, reserved by defendant to the overruling of a motion in arrest of judgment.

Our conclusion is that the conviction and sentence herein cannot be permitted to stand, in the face of the established jurisprudence of this state on the subject.

■ 3. Defendant has also attacked the constitutionality of Act No. 211 of 1928 on the ground that, if it be pretended that the verdict finds defendant guilty of counselling and procuring the burning of the dwelling house, that is, of being an accessory before the fact, then defendant submits that the verdict is unconstitutional, as the body of the act is broader than its title. It is contended that the title does not make it an offense to aid, procure, and counsel the burning of a building, but only provides for the actual burning or the actual attempt.

The title to Act No. 211 of 1928 reads as follows: "An Act Relative to the crimes of burning or attempting to burn certain property, defining said crimes and offenses, prescribing what facts shall constitute an attempt to burn such property, providing penalties for the same and repealing all laws or parts of laws in conflict therewith."

Section 2 of the act, under which defendant was convicted, provides: "That any person who wilfully or maliciously sets fire to or burns or causes to be burned or who aids, counsels or procures the burning of [certain enumerated buildings] shall upon conviction thereof be imprisoned at hard labor for not less than one nor more than ten years."

Act No. 8 of the Extra Session of 1870, entitled "An Act relative to crimes and offenses," and which denounced several acts as crimes and offenses and prescribed the punishment to be inflicted for each of such offenses, has been held to be constitutional by this court, for the reason that the act treats of no other subject but crimes and offenses, and that is covered by its title.

State v. Breeden, 47 La. Ann. 374, 17 So. 125; State v. Taylor, 34 La. Ann. 978; State v. Dubois, 39 La. Ann. 676, 2 So. 558.

So Act No. 211 of 1928 treats of no other subject than the burning, and attempting to burn, property willfully or maliciously, and the fact that the Legislature, in defining such offenses, has seen fit, as a means of making the act complete and effective, to include principals in the second degree as well as principals in the first degree, as to such offenses, does not, in our opinion, render the act unconstitutional on the ground that the body of the act is broader than its title.

For the reasons assigned, the conviction and sentence appealed from are annulled, and this case is remanded to the criminal district court for the parish of Orleans for further proceedings consistent with the views herein expressed.

ST. PAUL, J., takes no part.

On Application for Rehearing.

PER CURIAM.

In the opinion handed down herein we said: "Defendant, and others unknown, charged in the first count of the Information with burning the dwelling house as principals, have been acquitted and have passed out of the case as principals." The defendant, John Fabiano, has been acquitted, for he alone was on trial, but not so as to the others, for they, being unknown, were not on trial, and therefore the verdict of not guilty could have no reference to them, but to Fabiano alone. The reference, in the opinion, to the acquittal of persons unknown, was merely inadvertence, for it is patent to every lawyer that a person, not on trial, can be neither acquitted nor convicted. This inadvertence, however, does not affect the opinion or decree, but, since our attention has been called to it on the application for a rehearing, we have deemed it best to expunge the expression from the opinion. No rehearing is necessary for that purpose.

With the making of this correction in the opinion, the rehearing is refused.