## The State *v.* Charles Lennon.

It is not necessary that all the counts of an indictment should be written upon the same sheet of paper, nor, when on separate sheets, that they should be attached together.

Where, on a motion for a new trial, in a criminal prosecution on the ground of the discovery of an important witness since the trial, the name of the witness is not disclosed in the affidavit, the motion must be overruled.

Appeal from the Criminal Court· of the . First District, *Canonge*, J.

*Dufour*, District Attorney, for the State.

*A. Canonge*, for the appellant.

King, J. The defendant, Charles Lennon, having been convicted of inveigling slaves, and sentenced to imprisonment at hard labor for six years, has appealed from the judgment of the Criminal Court, and seeks to have it reversed, and himself finally discharged, on the ground, that the instrument purporting to be an indictment against him, consists of two counts, written upon two separate and detached pieces of paper, one count being upon each. That the first contains the usual caption, but is not signed by the attorney general or district attorney, nor endorsed with· the finding of the grand jury. That the second; though signed by the officer, and endorsed with the finding of the grand jury, is without caption or venue. It is contended, that for these reasons, neither count in itself constitutes a perfect indictment ; that there is no certainty, that the ·two form one common act, nor that more than one of them was ever submitted to the consideration of the grand jury ; and hence, that the instrument is defective.

We are aware of no rule of pleading which requires, that all the counts of an indictment shall be written upon the same sheet or piece of paper; nor, that when prepared upon separate leaves, they shall be attached together. It happens not unfrequently, either from the nature of the offence, as in cases of libel or perjury, that a single count will fill more than a sheet of paper; or that the district attorney, entertaining doubt as to the manner of laying the charge so as to meet the testimony, or as to the construction which may be given to a statute, multiplies his counts for the exigency, so as to exceed the limits of a single sheet. Although in such cases the record might be presented in a shape less liable to be questioned, if the distinct parts were attached together, yet this would not prevent the evils which it is apprehended may arise from countenancing a different practice, nor close the door against the interpolation of counts which had never been submitted to the jury. If a corrupt officer were disposed to perpetrate so foul a fraud, the frail ligatures which usually bind together the parts of a record, would oppose but a feeble obstacle to the accomplishment of his purpose. Were an act of such turpitude committed, as to substitute or add counts to an indictment which had previously been acted upon by the grand jury, the accused could undoubtedly claim protection and relief. But an act of such immorality will not be presumed. And even upon so grave a charge being formally preferred, all the legal presumptions would be in favor of the honesty and integrity of the sworn officer, who had been selected for the trust, with reference to his known character for probity. He will be presumed to have discharged his duties with fidelity, until the contrary shall be made to appear.

But, in the present instance, no shadow of imputation is cast upon the district attorney; the defendant relying upon the facts which have been stated, as constituting a defect which vitiates the indictment, even in the absence of fraud.

Independently of the absence of any such rule as that contended for by the defendant, of its inefficacy, even if established, to prevent the apprehended evils which might grow out of a different practice, and of the legal presumptions, which are all opposed to the position taken by the defendant, we think, that the indictment contains some internal evidence, that both the counts were presented to the grand jury. The second leaf, upon which the finding is endorsed, is *wihout caption*, and commences with the words, "*second count*." Both these circumstances must have given notice to the jury, that there was a first count, without which the indictment would have been incomplete. It is difficult to believe, that acting under the instructions and immediate supervision of both the court and the district attorney, they were

so wholly ignorant of their duties as to have considered one count only.

A second alleged error is, that the court erred in refusing a new trial applied for upon the ground of newly discovered evidence. The name of the witness discovered after the trial, has not been disclosed in the application ; nor, if it had been, could we undertake to decide upon the materiality of his evidence, without possessing more fully the facts connected with the transaction, than can be gathered from the motion and affidavit. The conclusive reasoning, however, of the judge, contained in his elaborate written opinion overruling the application, in which he adverts, from memory, to some of the evidence adduced upon the trial, convinces us, that he has wisely used the discretion confided to him.

*Judgment affirmed.*