State vs. Laqué et als.

---

## No. 9488.

### THE STATE OF LOUISIANA VS. MICHAEL LAQUÉ ET ALS.

It cannot be claimed that an appeal is *devolutive*, where the appeal asked and allowed is *suspensive*, in express terms.

An appeal cannot be taken from a judgment before it is rendered, or a bill taken before the ruling is made by the court.

Taking an appeal *instanter* from a judgment quashing an indictment and ordering the discharge of the accused and the cancellation of their bonds, is not an act of acquiescence.

An appellant who prays for an appeal returnable according to law, is not chargeable with any fault, where he suggests neither time nor place, and where the judge fixes both of his own motion.

The filing of a transcript long before the return day is no cause for dismissing the appeal.

There is no reason to quash an indictment because of a defect in one count thereof, where the other count is perfect.

There is no repugnancy in the two counts of an indictment, one of which charges larceny and the other receiving stolen goods knowing them to be stolen.

In the count for receiving stolen goods, it is not necessary to aver the name of the thief or of the person from whom the goods were received.

APPEAL from the Twenty-sixth District Court, Parish of St. Charles. *Besançon*, J.

*M. J. Cunningham*, Attorney General, *G. Lèché*, District Attorney, *A. E. Billings* and *C. A. Baquié*, for the State, Appellant:

All appeals in criminal cases are suspensive, and no citation is requisite. Act No. 30, 1878.

The presence in court of a defendant in a criminal case when a motion for an appeal is made by the State and particularly after the information is quashed, is unnecessary. 31 Ann. 652; 32 Ann. 559.

Where an appeal is moved for, returnable according to law, and the judge fixes the return day other than that fixed by law, the appeal will not be dismissed. R. S. 36; C. P. 898; 6 Ann. 474; 31 Ann. 504; Ib. 595; 33 Ann. 1230.

It is unnecessary to file a transcript of appeal in the Supreme Court, until the return day as fixed by the judge's order granting the appeal. C. P. 587, 597.

*Michael Hahn, Morris Marks* and *F. B. Earhart* for Defendants and Appellees.

### ON MOTION TO DISMISS.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   Not one of the reasons assigned for the dismissal of this appeal is founded on fact or law.

### I.

The first ground is: that the appeal is *devolutive*, and the defendants have not been cited to answer it.

The motion of the district attorney was for a *suspensive* appeal, and the court ordered that a *suspensive* appeal be granted.   R. pp. 26, 44, 45.

### II.

The second ground is: that the appeal was moved for and granted after defendants were discharged and their bonds cancelled and the judgment acquiesced in by the State.

There is nothing in the record to show that the accused were discharged and their bonds cancelled before the appeal was asked by the State, or that the judgment was acquiesced in by the State.

The motion on this ground is not even sworn to, so that the averment rests for proof only on the *ipse dixit* of each defendant.

The record shows that as soon as the district judge rendered the judgment quashing the indictment and ordering the release of the accused, and cancelling their bonds, the State not only applied for a suspensive appeal, but took a bill of exception.

The State could not have appealed before the judgment was rendered, or excepted before the ruling had been made.

The protest of the State by appeal and bill repels the charge of acquiescence, even if it could stand without proof.

### III.

The third ground is: that the appeal is not made returnable in ten days, according to law.

The State, through her representative, the district attorney, prayed for a *suspensive* appeal....to this Court...."returnable according to law," without suggesting or fixing any return day. R. pp. 26–7.

The district judge allowed the appeal returnable to this Court on the first Monday of November, 1885. R. pp. 26–7, 45.

It may be that the judge ought to have made the appeal returnable either at Monroe, Opelousas, or Shreveport, as the judgment was rendered May 13th, and this Court, then sitting in New Orleans, was soon to adjourn there, and that he was wrong in making it returnable here on the first Monday of November following; but the State is not chargeable with the action of the court. The State did all she was expected to do and no fault is attributable to her. This has been frequently held not to be a sufficient ground of dismissal.

### IV.

The last ground is: that the transcript of appeal was not filed in this Court within ten days from the granting of the appeal.

The transcript was filed, not *after*, but long *before* the return day, namely: June 30, 1885, when it might have been filed here only on the 2d of November following. The transcript was surely in the clerk's office on that day.

The accused have no cause of complaint.

Motion to dismiss overruled.

---

### ON THE MERITS.

TODD, J. This is an appeal by the State from a judgment quashing an information.

The defendants were charged in one count of the information with the crime of larceny, and in a second count, with receiving stolen goods, knowing them to be stolen.

The motion to quash is based substantially on the ground that the matters stated in the information and in the manner and form as therein set forth, are not sufficient in law, and that the counts in said information are cumulative and repugnant.

The substance of the reasons assigned by the trial judge for sustaining the motion may be found in the following from his written opinion:

"Because the State has omitted to mention in the second count the names of the parties from whom the stolen goods were received by the accused, or to detail any facts or circumstances connected with or surrounding the said delivery or receiving of said goods, by which a conclusion could be drawn as to who transmitted and delivered the said stolen goods to the accused so receiving them."

1. Even if this second count was defective, as held by the judge *a quo*, it was no sufficient reason for quashing the entire information. Where one of several counts in an indictment is good, a motion to quash will not be granted. Archibald, Crim. Pl. and Prac., 1 vol., p. 308, 7th ed. note.

The count for larceny is in strict conformity to law and is not assailed.

2. The offense charged in the second count consists in receiving goods stolen from some other person than the receiver, knowing them to be stolen.

It is not necessary in such case to aver who stole the property; from whom received; or that the thief, or the one from whom received, was unknown. Bishop Cr. Pr., p. 282; 2 vol. Archibald, 7 ed., p. 654, note; State vs. Moultrie, 34 Ann. 448.

This count is not, therefore, open to the objection raised.

3. There is no repugnancy in the two counts of this information. The two offenses charged belong to the same generic class, and it is settled by ample authority that both counts may be made in the same indictment, when separately made, as in this case. Archibald, Pomeroy notes, 8 ed., pp. 1164—1426-7; State vs. Crosby, 4 Ann. 434; State vs. McLean, Ib. 435, 437; State vs. Moultrie, 33 Ann. 1146.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be annulled, avoided and reversed and the motion to quash be overruled, and that the case be remanded for further proceedings according to law.