(133 So. 168)

### STATE v. FERNANDEZ.
No. 31052.

March 2, 1931.

George Nosacka and G. Wray Gill, both of New Orleans (Gill & Simon, of New Orleans, of counsel), for appellant.

Percy Saint, Atty. Gen., and E. R. Schowalter, Asst. Atty. Gen., and Eugene Stanley, Dist. Atty., and George J. Gulotta, Asst. Dist. Atty., both of New Orleans, for the State.

ST. PAUL, J.

The defendant appeals from a conviction and sentence for assault with intent to rob. The appeal presents only one bill of exception, to wit, upon the refusal of the trial judge to grant a new trial on the ground of newly discovered evidence.

The new trial was properly refused. In his per curiam the trial judge properly says:

"The motion for a new trial does not disclose newly discovered evidence, nor does it

disclose that any diligence was used to secure the witnesses that the defendant states could prove an alibi.

"When the defendant was arraigned on Sept. 15th the court was informed 'that Mr. George Nosacka was the attorney for the defendant, but that he was ill. In view of the statement the court instructed the District Attorney not to fix this case until Mr. Nosacka was well. The District Attorney, acting upon the instructions of the court, did not fix the case for trial until December 4th. A day or two before the case was fixed for trial Mr. Nosacka informed the court that he was not now of counsel for defendant. On the morning of the trial the Court appointed a Mr. Donnaud to represent the accused. Fernandez did have witnesses in court, and when the state had concluded its evidence and rested, Mr. Donnaud concluded he would not use the witnesses who were present but rested his case.

"The motion for a new trial, which was filed by the original counsel for the defendant, Mr. George Nosacka, states that three witnesses would have been able to prove an alibi for the defendant, but were not summoned through some misunderstanding between counsel (Mr. Nosacka) and the accused and the family of the accused. If an accused is to be granted a new trial because his attorney sees fit a day or two before trial not to represent him, and after conviction sees fit to file a motion for a new trial, stating that witnesses were not in court through a misunderstanding it would be impossible to try any one charged with crime."

As to the assignment of error filed in this court, none of them points out any error patent on the face of the record; and for the most part simply urge the insufficiency of the evidence herein to convict, as to which this court has no jurisdiction.

Decree.

The judgment appealed from is therefore affirmed.