ROGERS, J.
 

 Joseph Ugarte and Edward Pezant were /Charged'in the first count of a bill of information with stealing an automobile and in the second count with having the stolen automobile in their possession, knowing it to have been stolen.
 

 Defendants were tried jointly. Pezant was acquitted on both counts. Ugarte was acquitted on the first count and convicted on the second count.
 

 . After his conviction, on a proceeding instituted by the state under Act No. 15 of 1928, Ugarte was found guilty as a second offender, and sentenced to imprisonment in the state penitentiary. Prom his convictions and
 
 *57
 
 the sentence following Ugarte has appealed, relying on seven bills of exception which are contained in the record.
 

 Prior to the trial defendant filed motions to quash, for a bill of particulars and to elect; all of which were overruled. These motions virtually involved the same proposition, viz., the alleged duplicitous character of the information, in that it charged two separate and inconsistent offenses as happening on different days. The information charged that the automobile in question was stolen by Pezant and Ugarte on May 14, 1932, but that it did not come into their possession until May 16, 1932.
 

 We find no error in the rulings of the trial judge. Article 246 of the Code of Criminal Procedure provides:
 

 “An indictment for larceny may contain ■also a count for embezzlement, or for receiving or having in possession, or aiding in concealing the same property, knowing it to have been stolen, and the jury may convict of any such offense; and the jury may find all or any of the persons indicted guilty of any of the •offenses charged in the indictment. The district attorney shall not be required to elect 'between the offenses so charged.”
 

 The codal article is merely a codification of the existing jurisprudence. Thus, in State v. Crosby, 4 La. Ann. 434, this court held:
 

 “The authorities establish conclusively that it is no objection to the validity of an indictment that, several offences of the same nature, and upon which the same or a similar judgment may be given, are charged in different counts. 2 Hale’s P. C. 173. 1 Chit
 
 ty
 
 C. L. 253. Wharton C. L. 106. The joinder of a count for larceny with one for receiving stolen goods, ‘has been held' to be good both in England and the United States. In Pennsylvania, it is said to be the most usual practice to unite counts in one indictment, charging both of those offences, although in that State the receiving of stolen goods is only a misdemeanor.” Citing authorities.
 

 This decision was affirmed in State v. McLane, 4 La. Ann. 435; Id., 4 La. Ann. 437; State v. Moultrie, 33 La. Ann. 1146; State v. Laque, 37 La. Ann. 853; State v. Thorton, 142 La. 797, 77 So. 634.
 

 The validity of the information is not affected, because the offenses are charged to have occurred on different dates. The mere charge that the automobile was stolen on May 14, 1932, and was not found in defendant’s possession until May 16, 1932, does not alter the legal situation. It is true that the offenses charged are distinct offenses, but they are kindred offenses and grew out of. the same act, namely, the theft of a particular automobile. Both offenses were triable before the same forum. If defendant were guilty of stealing the automobile he could not have been convicted of unlawfully receiving it. On the other hand, if defendant were guilty of unlawfully receiving the automobile, he was properly acquitted of stealing it.
 

 Defendant argues in his brief that article 246 of the Code of Criminal Procedure is unconstitutional, but his pleadings fail to disclose any such plea; and counsel’s brief forms no part of the pleadings. As we find no plea in the record attacking the constitutionality of the codal article we cannot consider defendant’s argument in that respect.
 

 Defendant filed a lengthy motion for a new trial, in which he alleges and attempts
 
 *59
 
 to show that the evidence adduced by the state was insufficient for his conviction, and in which he reiterates the several matters and things set up in his motions to quash, for a bill of particulars, and to elect. But this court has no jurisdiction as to the insufficiency of evidence to convict in a criminal case. State v. Fernandez, 171 La. 1093, 133 So. 168. And the contentions raised by defendant in his preliminary motions are untenable as we have hereinabove shown.
 

 Defendant also sets up in his motion for a new trial the illegality of his conviction in view of the finding of the jury that neither he nor his eodefendant Pezant were guilty of stealing the property which defendant was convicted of receiving. The same contention is also set up by defendant in his motion in arrest of judgment.
 

 In support of his contention, defendant relies on the cases of State v. Antoine et al., 42 La. Ann, 945, 8 So. 529, 530; State v. Haines, 51 La. Ann. 731, 25 So. 372, 44 L. R. A. 837; State v. St. Philip, 169 La. 468, 125 So. 451; State v. Orlando, 171 La. 98, 129 So. 685. These cases, however, are not appropriate to the present case.
 

 In the Haines, St. Philip and Orlando Cases, this court held that the common-law distinction between a principal in the first degree and a principal in the second degree must not be lost sight of in the prosecution of a person for being present, aiding, and abetting in the commission of a felony. In these cases, the court maintained the contentions of the convicted defendants that their convictions as principals in the second degree could not stand when their principals in the first degree had been acquitted.
 

 In the Antoine Case there was no principal in the second degree. Both defendants were charged as principals; Antoine, or Figaro, with the larceny of three hogs from one Poehe, and Valiere, the other defendant, with receiving from Antoine, or Figaro, the identical hogs which he had stolen from Poche, and on the same day they were stolen. Antoine, or Figaro, was acquitted and Valiere was convicted. But this court annulled the conviction, holding that the indictment charged the two crimes conjunctively in two counts and that “the former is an essential ingredient of the latter.” That, if no goods were stolen, stolen goods could not have been received, and if Antoine, or Figaro, had not stolen the hogs, Valiere, when he received the hogs from him, could not have known they had been stolen, when, as a matter of fact, they had not.
 

 While the relation between the defendants in the Antoine Case was neither that of principals in the first and second degrees nor of principal and accessory, it was so intimately connected under the charge in the information that the acquittal of the alleged thief necessarily involved the acquittal of the alleged receiver of the stolen property.
 

 The method of pleading adopted by the state in this case is expressly authorized by article 246 of the Code of Criminal Procedure, hereinabove referred to and quoted.
 

 Appellant was charged in the indictment with having stolen the automobile in question on May 14, 1932, which is one offense, and with having the automobile in his possession on May 16, 1932, which is another and distinct offense. The fact that appellant was not guilty of stealing the automobile on
 
 *61
 
 May 14 offers no satisfactory reason for holding him guiltless of receiving the stolen automobile on May 16, knowing it to be stolen.
 

 Under an indictment for receiving stolen goods, there is no principal in the offense charged except the receiver; the original thief not occupying that relation to the offense. State v. Moultrie, 34 La. Ann. 491; State v. Laqué, 37 La. Ann. 853.
 

 The fact that the person from whom defendant had received the stolen property was acquitted on the same charge does not authorize the acquittal of the defendant. State v. Ryan, 122 La. 1095, 48 So. 537.
 

 To constitute the offense, it is not necessary that the goods be received from the thief or from any particular person; it being immaterial from whom they were received. The offense is established if it be shown that the goods were received from any one, if the other essential elements are present. 53 C. J., § 15, p. 507.
 

 Under article 246 of the Code of Criminal Procedure, supra, an indictment for larceny may contain a count for receiving stolen property. The codal article further provides that "the jury may find all or any of the persons indicted guilty of any of the offenses charged in the indictment.”
 

 Our conclusion is that the jury did not exceed its authority under the law in finding defendant guilty on the count charging him with receiving stolen property, knowing it to be stolen, if the facts, as to which it was the sole judge, warranted its verdict.
 

 On December 5,1929, the defendant Ugarte, on a charge of assault with intent to murder, pleaded guilty to the offense of assault with intent to kill, and was sentenced to serve a term of nine months in the parish prison. This charge and sentence are the basis of the information charging defendant with being a second offender and amenable, as such, to punishment as provided by Act No. 15 of 1928.
 

 Defendant, by demurrer and motion in arrest, attacks the constitutionality of Act No. 15 of 1928 on various grounds. The same grounds were urged against the statute and found to be untenable in State v. Guidry, 169 La. 215, 124 So. 832.
 

 Defendant argues that Act No. 15 of 1928 is inconsistent with section 832 of the Revised Statutes, as amended by Act No. 72 of 1898, prescribing the penalty for receiving stolen • property, knowing it to be stolen, and that its effect is to destroy the discretionary power of the court in the imposition of sentences as guaranteed by the section of the Revised Statutes as amended by the legislative act.
 

 There is no inconsistency between the statutes. The fundamental error in defendant’s argument is in his assumption that Act No. 15 of 1928 makes it a crime to be a second offender. But it does no such thing. It merely prescribes a heavier penalty for the repetition of criminal conduct by a person who has been previously convicted of a criminal offense.
 

 Defendant also argues that because he received only a jail sentence on his plea of guilty of assault with intent to kill the offense for which he was punished'was a misdemeanor and not a felony, and therefore he was not amenable to the additional punishment provided for habitual criminals by Act No. 15 of 1928. In other words, defendant’s contention is, that no crime is a felony in this
 
 *63
 
 state unless the penalty provided for its commission is death or absolute imprisonment in the penitentiary. The rulings of this court, however, are adverse to his contention. See State v. Hutchinson, 163 La. 147, 111 So. 656; State v. Guidry, 169 La. 215, 124 So. 832; State v. Charles, 169 La. 543, 125 So. 587; State v. Dupont, 170 La. 91, 127 So. 375; State v. Hardy, 174 La. 458, 141 So. 27.
 

 For the reasons assigned, the convictions and sentence appealed from are affirmed.