410 So.2d 1101 (1982)
STATE of Louisiana
v.
Warren LAWSON.
No. 81-KA-1980.
Supreme Court of Louisiana.
March 1, 1982.
*1102 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Jack Peebles, Asst. Dist. Attys., for plaintiff-appellee.
John M. Strandridge, Supervising Atty., New Orleans, Peggy Gannon, Student Practitioner, for defendant-appellant.
DIXON, Chief Justice.[*]
Warren Lawson was charged by bill of information with the December 19, 1978 simple burglary of an inhabited dwelling in violation of R.S. 14:62.2. He initially pleaded not guilty. That plea was withdrawn on March 9, 1979, and defendant entered a plea of guilty as charged. The trial court sentenced Lawson to twelve years at hard labor.
The state filed a multiple offender charge against defendant pursuant to R.S. 15:529.1. Lawson admitted the allegations of the multiple bill, and he was adjudged a fourth felony offender. The twelve year sentence was vacated and set aside, and defendant was sentenced to twenty years at hard labor.[1] Defendant filed a petition for post *1103 conviction relief, and the trial court denied that petition on June 10, 1981.[2]
Assignment of Error No. 1
Defendant contends the trial court failed to advise him of the privilege against self-incrimination prior to accepting his guilty plea. He argues, therefore, that he did not knowingly and intelligently waive his privilege against self-incrimination.
Neither the colloquy between defendant and the trial court, nor the printed "Plea of Guilty" form signed by defendant made reference to the privilege against self-incrimination. The state admits in brief that defendant was not informed of the privilege against self-incrimination, but asserts that defendant was obviously aware of it because he had pleaded guilty on three former occasions.
There is no merit in the state's argument. Nothing in the record indicates defendant understood the connotations and consequences of his guilty plea as required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and State v. Williams, 384 So.2d 779 (La.1980). We have no evidence to assure us that defendant was properly Boykinized before entering his prior guilty pleas. Two of the three prior guilty pleas were entered before 1969, and thus before Boykinization was required.
This court has looked beyond a colloquy to an expanded record to determine whether a voluntary waiver occurred. See State v. Dunn, 390 So.2d 525 (La.1980) and State v. Cusher, 400 So.2d 601 (La.1981). In Dunn, this court relied on a printed waiver form signed by defendant to conclude that he had knowledge of the privilege against self-incrimination, and the effects of its waiver. In Cusher, the entire record was used to prove the voluntariness of defendant's waiver of the right to confront his accuser. Cusher had been present at numerous pretrial proceedings, where he could not avoid knowledge of the nature of his right of confrontation.
The exceptions contained in Dunn and Cusher are not applicable to this case. The record does not indicate defendant was ever informed of the privilege against self-incrimination. Neither the colloquy nor the waiver form advised defendant of the privilege. Lawson's case did not involve extensive pretrial proceedings as in Cusher, or any other proceedings that informed him of the privilege against self-incrimination.
Assignments of Error Nos. 2 and 3
Defendant asserts that the mandatory sentence, imposed by the trial judge under R.S. 15:529.1, is in direct conflict with C.Cr.P. 894.1. C.Cr.P. 894.1 requires the sentence to be particularized to the offender as well as the offense, and defendant argues that the mandatory sentence of R.S. 15:529.1 inhibits this statutorily granted discretion of the trial judge. Defendant also contends that his twenty year sentence is excessive.
*1104 R.S. 15:529.1 provides enhanced penalties for multiple offenders based on repetition of criminal conduct, and is a valid limitation on the sentencing considerations listed in C.Cr.P. 894.1. Multiple offender statutes have consistently withstood constitutional scrutiny. See Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962); McDonald v. Massachusetts, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542 (1901) and State v. Lee, 364 So.2d 1024 (La.1978). This court upheld R.S. 15:529.1 against attacks that it deprived the trial judge of control over sentencing in State v. Badon, 338 So.2d 665 (La.1976) and State v. Ugarte, 176 La. 54, 145 So. 266 (1932).
There is no merit to Assignments 2 and 3.
Because of the failure to comply with the requirements of Boykin v. Alabama, supra, the plea of guilty and conviction are set aside and the sentence is vacated. The case is remanded to the district court for further proceedings.
NOTES
[*] Judges Burrell J. Carter, Felix H. Savoie, Jr. and Melvin A. Shortess of the First Circuit, participated in this decision as Associate Justices Ad Hoc, joined by Chief Justice Dixon and Associate Justices Calogero, Marcus and Dennis.
[1] The trial judge believed a twenty year sentence to be excessive in light of all facts and circumstances surrounding defendant's case. He stated that twelve years was an appropriate sentence, but he was bound by R.S. 15:529.1.

Defendant's fourth offense occurred in 1978, and sentence was imposed in 1979. At that time, the Code of Criminal Procedure provided for suspension of the execution or imposition of the sentence of a multiple offender who joined a drug rehabilitation program authorized by the Federal Narcotics Rehabilitation Act. C.Cr.P. 893 B (1980) provided the following:
"The court under the same conditions and by the same procedure as provided for above may suspend the execution or imposition of the sentence of a multiple offender and place the defendant on probation if he intends to participate in the program authorized by the Federal Narcotics Rehabilitation Act or other federal or state rehabilitation programs, however, if for any reason the defendant is rejected by said program he shall be returned to the custody of the court which imposed the sentence and the sentencing judge shall order the sentence be executed. Rejection by said program shall be a violation of the defendant's suspended sentence."
The trial judge should consider this alternative if defendant is resentenced.
Testimony at defendant's sentencing hearing indicated he is a prime candidate for a drug rehabilitation program. Defendant has been a drug addict for most of his adult life, and has been in and out of jail for various burglaries in order to support his heroin habit. However, he has never been through any sort of drug rehabilitation program; imprisonment alone does not bring about rehabilitation. The director of Odyssey House in New Orleans testified that Lawson was accepted into their program, which is a good indication of their belief in his chances for success. The chaplain for Orleans Parish jail also testified that Lawson showed good prospect for rehabilitation, if ever given such an opportunity.
[2] Defendant initially gave notice of his intent to appeal his sentence to this court on May 9, 1979. With that motion still pending, defendant then filed a writ of habeas corpus attacking the voluntariness of his plea in April, 1981. Although technically without jurisdiction over the case because of the pending motion for appeal, C.Cr.P. 916, the trial court proceeded to conduct a hearing of the habeas application and denied it June 10, 1981. Counsel then filed his assignments of error in the appeal on June 24, 1981, incorporating the attack on defendant's plea first raised by the habeas petition. This matter is therefore considered as an appeal (State v. Campbell, 404 So.2d 1205 (La. 1981)), rather than an application for supervisory writs.