DOUCET, Judge.
Patrick Danny Thomas was tried by a jury of twelve persons and found guilty as charged of two counts of armed robbery. A sentencing hearing was set for March 23, 1984. At that time, the State of Louisiana, through the Calcasieu Parish District Attorney’s Office, filed a Habitual Offender Bill against the defendant alleging that he was a fourth felony offender under the provisions of La.R.S. 15:529.1.
At the hearing, it was revealed that the defendant had been convicted on February 13, 1978 of burglary, theft, and simple criminal damage to property; on June 21, 1982 of receiving stolen things; and on January 23, 1983 of simple burglary. The defendant admitted that he had been convicted of these offenses. The Honorable L.E. Hawsey, Jr. found the defendant to be a fourth felony offender and sentenced him under the terms of La.R.S. 15:529.1 to 99 years with the Department of Corrections on each count of armed robbery, the sentences to run consecutively. The defendant appealed urging two assignments of error.
The first assignment of error was abandoned by the defendant in his brief. Consequently, it will not be considered.
The defendant argues in his remaining assignment of error that La.R.S. 15:529.1 as applied to this case violates the La. Constitution’s prohibition against cruel and unusual punishment and provides no standards for review by a higher court. As a result, the defendant argues, the mandatory sentence required by the provisions of La.R.S. 15:529.1 negates the discretion granted to the trial judge in particularizing the sentence to the.offender and the offense committed, as required by La.C.Cr.P. art. 894.1.
The courts of this state have consistently upheld the constitutionality of La.R.S. 15:529.1. In State v. Lawson, 410 So.2d 1101 (La.1982), the court upheld a sentence imposed under the terms of the habitual offender statute in the face of an argument similar to that before the court in this case. The defendant argued that the mandatory sentence imposed by the trial judge under R.S. 15:529.1 was in direct conflict with La.C.Cr.P. art. 894.1, which requires that the sentence be particularized to the offender and the offense committed. He further argued that the mandatory sentence provision inhibited the discretion of the trial judge granted by La.C.Cr.P. art. 894.1.
The Supreme Court held in Lawson that:
“R.S. 15:529.1 provides enhanced penalties for multiple offenders based on repetition of criminal conduct, and is a valid limitation on the sentencing considerations listed in C.Cr.P. art. 894.1. Multiple offender statutes have consistently withstood constitutional scrutiny. See Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962); McDonald v. Massachusetts, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542 (1901) and State v. Lee, 364 So.2d 1024 (La.1978). This court upheld R.S. 15:529.1 against attacks that it deprived the trial judge of control over sentencing in State v. Badon, 338 So.2d 665 (La.1976) and State v. Ugarte, 176 La. 54, 145 So. 266 (1932).”
The U.S. Supreme Court has affirmed the overriding interest of the individual states in applying recidivist, or habitual offender statutes. In Rummel v. Estelle, 445 U.S. 263,100 S.Ct. 1133, 63 L.Ed.2d 382 *96 (1980), the court upheld a mandatory life sentence imposed under a Texas recidivist statute on the grounds that it did not constitute cruel and unusual punishment under the 8th and 14th amendments. The court explained the validity of such statutes:
“The purpose of a recidivist statute such as that involved here is not to simplify the task of prosecutors, judges, or juries. Its primary goals are to deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time. This segregation and its duration are based not merely on that person’s most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes. Like the line dividing felony theft from petty larceny, the point at which a recidivist will be deemed to have demonstrated the necessary propensities and the amount of time that the recidivist will be isolated from society are matters largely within the discretion of the punishing jurisdiction.”
Patrick Danny Thomas committed four felonies within a five-year period. These repeated offenses show that more lenient sentences have not been effective in the past, and a great risk that he will commit further offenses. Therefore, the courts are not required to treat him as though this was his first offense. Given his four felony offenses, the trial judge was entitled to place on Thomas, “... the onus of one who is simply unable to bring his conduct within the social norms prescribed by the criminal law of the State.” Rummell v. Estelle, supra.
Accordingly, we hold that the two consecutive 99-year sentences imposed on the defendant are not a cruel and unusual punishment. We affirm the sentence and conviction.
AFFIRMED.