464 So.2d 1126 (1985)
STATE of Louisiana, Plaintiff-Appellee,
v.
William W. MILES, Defendant-Appellant.
No. CR 84-39.
Court of Appeal of Louisiana, Third Circuit.
March 6, 1985.
*1127 W.T. Armitage, Jr., Alexandria, for defendant-appellant.
G. Earl Humphries, III, Asst. Dist. Atty., Alexandria, for plaintiff-appellee.
Before DOMENGEAUX, KNOLL and KING, JJ.
KNOLL, Judge.
Defendant, William W. Miles, was convicted by a jury of simple burglary of a motor vehicle, a violation of LSA-R.S. 14:62. After an habitual offender hearing, the trial judge sentenced defendant to serve twenty-one years at hard labor without benefit of probation, parole or suspension of sentence.
Defendant filed three assignments of error. In brief defendant argues four assignments of error, only two of which correspond with the original assignments. The original assignment of error not briefed is considered abandoned. State v. Jimmerson, 432 So.2d 1093 (La.App. 3rd Cir.1983). The other two arguments in brief which were not designated in defendant's assignments of error are not properly presented for review, therefore, will not be considered. LSA-C.Cr.P. Art. 920; State v. Overton, 337 So.2d 1201 (La.1976).
Defendant relies on the following two assignments of error for a reversal of his conviction and reduction of sentence: (1) the trial court erred in its denial of defendant's motion for a new trial based on a lack of evidence to establish that defendant committed the crime of simple burglary; and (2) the trial court imposed an unconstitutionally excessive sentence. We affirm.

FACTS
On May 24, 1982, shortly after midnight, Brian Funderburk, a Louisiana College campus security officer, saw a maroon car with a noisy muffler stop behind the Fine Arts Building next to a van used by a campus singing group, Common Good. He observed two young men tampering with the van's locked gas cap and saw what appeared to be a third person exiting the campus van. As he approached the van, the intruders detected his presence; two youths threw something into the trunk, quickly entered the maroon car and fled the scene. There were four or five persons in the vehicle. Funderburk immediately reported the incident to the Pineville Police Department giving a description of the vehicle, and advising them that the car had a broken right taillight. Within the hour Officer R.L. Murdock of the Pineville Police Department drove to Louisiana College to investigate the burglary. He and Funderburk found that the van's gas cap had been tampered with, a three foot section of garden hose was lying on the ground near the van, and inside wires were hanging from the dashboard indicating equipment had been pulled out. Four speakers and an AM/FM cassette tape player had been removed. Behind the driver's seat they found a 4 × 5 inch piece of plastic which had cracked off a speaker.
Just prior to the incident Officer Murdock had stopped a similar car at the Pine Plaza Mall, only four blocks from the college campus. One of the passengers in the automobile's front seat, later identified as defendant, advised Officer Murdock that *1128 they were replacing a burned out fuse and they would be on their way shortly.
At approximately 4:00 a.m. the Rapides Parish Sheriff's Office radioed the Pineville Police Department, advising that they stopped the same vehicle on U.S. Highway 167. Officer Murdock picked up Brian Funderburk and drove to the maroon car. Without entering the stopped vehicle they saw the tape player and speakers in plain view in the rear portion of the automobile. The four individuals in the automobile were arrested and the car's contents were inventoried.
Officer Murdock and Brian Funderburk took one of the speakers back to the college campus where they matched the piece of broken plastic to the seized speaker.

SUFFICIENCY OF EVIDENCE
Defendant contends that the trial court's guilty verdict is based on insufficient evidence because there was no evidence of an unauthorized entry by him and that he was not a principal in the burglarization of the van.
The standard of review when considering the sufficiency of the evidence to support a criminal conviction is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Mathews, 375 So.2d 1165 (La.1979).
A plea of not guilty requires the State to prove beyond a reasonable doubt each element of the crime charged. LSA-C.Cr.P. Art. 804A(1); LSA-R.S. 15:271; State v. Humphrey, 412 So.2d 507 (La.1981). Simple burglary is defined in LSA-R.S. 14:62 as follows:
"Simple burglary is the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable, with the intent to commit a felony or any theft therein, other than as set forth in Section 60...."
In support of defendant's contention that the State failed to prove unauthorized entry, defendant points out that the chairman of Louisiana College's music department, who also has a set of keys to the van and is authorized to use it, was not called to testify; defendant argues in his motion for new trial that this witness could have given him permission to enter.
We find the testimony of Cindy Salley, one of Louisiana College's employees, and the circumstances of this crime was sufficient evidence of an "unauthorized entering." Cindy Salley is directly in charge of the singing group who uses the van. She said that prior to the night in question the van had an AM/FM cassette tape recorder and four speakers; she kept the van locked when not in use; she did not give defendant permission to enter the van; and after the night of the burglary the tape recorder and speakers were missing. We further note that entry into the van occurred at about midnight, and when detected by Louisiana College's campus guard, the suspect automobile fled the scene. Further, defendant did not in his own testimony contend that he was given permission to enter the van. We find no merit to defendant's argument that this essential element was not proved. See: State v. Morris, 457 So.2d 119 (La.App. 2nd Cir.1984); State v. Washington, 363 So.2d 509 (La.1978).
Defendant argues that he was not a principal to the simple burglary of the van. LSA-R.S. 14:24 defines a principal as follows:
"All persons concerned in the commission of a crime, whether present or absent, and whether they directly commit the act constituting the offense, aid and abet in its commission, or directly or indirectly counsel or procure another to commit the crime, are principals."
A principal to a burglary does not have to personally enter the burgled building. State v. Kimble, 375 So.2d 924 (La.1979); State v. Otis, 339 So.2d 343 (La.1976). A person who serves as a lookout and/or provides a vehicle of escape is a principal to *1129 a burglary. State v. Holmes, 451 So.2d 1175 (La.App. 1st Cir.1984).
The evidence shows that defendant was at a party and offered to give Kenneth Albert, Steve Vercher and Jay Collins a ride to Tioga in a maroon car, but that the automobile needed gas. An officer of the Pineville Police Department identified defendant as a passenger in the maroon automobile parked in a shopping mall near the college just prior to the burglary. After the burglary, the items taken from the van were all found in the maroon car. Defendant made no attempt to stop Collins from removing the van's stereo and speakers. Defendant's actions both before and after the burglary aided and abetted in the commission qualifying him as a principal.
For the foregoing reasons, this assignment of error is without merit.

EXCESSIVENESS OF SENTENCE
Defendant contends that the sentence to twenty-one years at hard labor without benefit of probation, parole or suspension of sentence was excessive. Defendant, whose date of birth is June 12, 1925, has a long history of criminal convictions and criminal activity.
Defendant's sentence was imposed in accordance with LSA-R.S. 15:529.1, the habitual offender law, which is mandatory, leaving the trial judge with no discretion to consider mitigating factors.
In State v. Lawson, 410 So.2d 1101 (La. 1982) the Louisiana Supreme Court upheld the constitutionality of R.S. 15:529.1 stating:

"R.S. 15:529.1 provides enhanced penalties for multiple offenders based on repetition of criminal conduct, and is a valid limitation on the sentencing considerations listed in C.Cr.P. 894.1. Multiple offender statutes have consistently withstood constitutional scrutiny. See Oyler v. Boles, 368 U.S. 448, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962); McDonald v. Massachusetts, 180 U.S. 311, 21 S.Ct. 389, 45 L.Ed. 542 (1901) and State v. Lee, 364 So.2d 1024 (La.1978). This court upheld R.S. 15:529.1 against attacks that it deprived the trial judge of control over sentencing in State v. Badon, 338 So.2d 665 (La.1976) and State v. Ugarte, 176 La. 54, 145 So. 266 (1932)."

Defendant's contention that his sentence was excessive is therefore without merit.

DECREE
For the foregoing reasons, the conviction and sentence of the defendant, William W. Miles, is affirmed.
AFFIRMED.
DOMENGEAUX, J., concurs.