## THE STATE *v.* CROSBY et al.

It is no objection to the validity of an indictment that several offences of the same nature, and upon which the same or a similar judgment may be given, are charged in different counts.

A count for larceny may be joined, in the same indictment, with one for receiving stolen goods.

A *nolle prosequi* may be entered upon one count of an indictment, and a judgment claimed on the remaining count, even after a general verdict.

It is only in capital cases that juries are not permitted to separate after having been sworn. In cases not capital, it is discretionary with the judge, until his charge has been delivered, to permit the jury to separate.

APPEAL from the First District Court of New Orleans, *McHenry*, J. *Ellmore*, Attorney General, for the State, cited Chitty C. L. 252. Archbold C. P. (5 ed.) pp. 72, 73. Moody's Crown Cases, 236. 12 Wendell, 429. 8 Ib. 210, 211.

*Wolf* and *Abell*, for the appellant, relied on 2 Hawkins, 331. 1 Blackford's Rep. 391, 431. The judgment of the court was pronounced by

KING, J. The defendant was tried upon an information, the first count of which charged him with the crime of larceny, and the second with having received stolen goods. After a general verdict of guilty, the attorney general entered a *nolle prosequi* upon the second count, and a judgment was given upon the first, from which the defendant has appealed.

A reversal of the judgment is asked for on the three following grounds: 1st. That two distinct offences were improperly charged in the same indictment. 2d. That the attorney general was without authority to discontinue the prosecution upon one of the counts after verdict. 3d. That the jury were permitted to separate during the trial of the cause, which vitiated their verdict.

I. Upon the first point the authorities establish conclusively that it is no objection to the validity of an indictment that, several offences of the same nature, and upon which the same or a similar judgment may be given, are charged in different counts. 2 Hale's P. C. 173. 1 Chitty C. L. 253. Wharton C. L. 106. The joinder of a count for larceny with one for receiving stolen goods, has been

held to be good both in England and the United States. In Pennsylvania, it is said to be the most usual practice to unite counts in one indictment, charging both of those offences, although in that State the receiving of stolen goods is only a misdemeanor. *Rex* v. *Galloway*, Moody's Crown Cases, 235. Wharton C. L. 108, and note. 12 Wendell, 429. 8 Wendell, 210, 211.

II. In the case of the *State* v. *Banton*, ante p. 31, we held that after a general verdict, the attorney general could enter a *nolle prosequi* upon one count, and claim judgment upon the remaining counts. On a re-examination of the authorities we find no error in the decision then made.

III. It appears from the record that when the court had proceeded so far with the cause as to empanel a jury and swear a witness, the usual hour for adjournment, 3 p. m. arrived, and the court adjourned until the following morning, permitting the jury to disperse in the mean time. There is no complaint of misconduct on the part of the jury. It is only in capital cases that juries are not permitted to separate after being sworn. In cases not capital, it is discretionary with the judge to permit them to disperse, until he has delivered to them his charge. 8 La. 558. Wharton C. L. 644.

*Judgment affirmed.*