State of Louisiana vs. Moultrie.

No. 1119.

THE STATE OF LOUISIANA VS. GEORGE MOULTRIE.

Under the circumstances of this case, justice required that a continuance and reasonable time to procure the attendance of his witnesses, should be granted the accused. The refusal of the same by the Court *a qua*, entitles him to a new trial.

An indictment charging larceny in one count, and receiving stolen goods in another, is valid; but, under a single count charging larceny, a conviction of receiving stolen goods, cannot be maintained.

APPEAL from the Twenty-fifth Judicial District Court, parish of Vermilion. *Clegg, J.*

*Joseph A. Chargois,* District Attorney, for the State, Appellee.

*F. R. King* for Defendant and Appellant:

First—The affidavit of an accused for a continuance cannot be contradicted; it must be taken as true. 30 A. 296.

Second—On an indictment for petty larceny, a verdict for having received stolen goods knowing them to be such, is not responsive, and must be set aside, and the case remanded.

Third—Where counsel is assigned by the Court to defend an accused person, a sufficient time should be allowed in which to prepare for the defense, especially where special cause is shown for a longer delay.

The opinion of the Court was delivered by

LEVY, J. An information was filed against the defendant, charging him with larceny, on which he was tried by a jury and convicted of the offense of receiving stolen goods, knowing them to be stolen. He was sentenced to imprisonment in the State Penitentiary, at hard labor, for six months, and from the judgment thus sentencing him he has appealed.

The information was filed on the 16th of June, 1881; the warrant for arrest was issued on the same day, and on the 22d of June, returned as executed and filed. On the 23d of June the accused was arraigned and pleaded not guilty, and the case was fixed for trial on the next day, the 24th. On arraignment accused was asked by the court if he desired counsel to be appointed to defend him, and he replied that he would himself employ counsel. On the day of the trial (the next day), prisoner being without counsel, the court assigned an attorney to defend him. Immediately after such assignment of counsel, the accused moved the court for a continuance; this motion was supported by an affidavit setting forth that he had not had an opportunity to procure the attendance of witnesses necessary for his defense; "that two of his witnesses (named) reside at a distance exceeding forty miles from the court house, and defendant having been arraigned on the 23d, and the cause assigned for trial on the succeeding day, it was impossible to cite said witnesses in time to secure their presence on the day so fixed for trial." The affidavit set forth the materiality of the testimony of the witnesses and

what he expected to prove by them; that the application was not made for delay and that the affiant expected to procure the attendance of said witnesses at the next term of the court. The continuance was denied and the trial ordered to be immediately proceeded with, for the reasons given by the judge *a quo,* viz: " That on the day of his arraignment the accused was told by the court that he must give the names of his witnesses, whose presence he might desire, to the sheriff or clerk of court, and process would issue to enforce their attendance, which he declined to do; at the time of his arraignment accused declined the assistance of counsel offered him by the court and declared his ability to procure legal assistance and refused that tendered him by the court; that it appeared to the court, from the facts and circumstances before it, that due diligence had not been used by the accused and that he desired and intended from the moment of his arrest to avoid a trial at the present term;" that "it was further proven by the sheriff, that if process had been put in his hands on the day the cause was fixed for trial, he (the sheriff) could have enforced the attendance, if he could be found at his usual domicil, of the witness Alfred Moultrie, about the hour of two o'clock on the day of trial." To this ruling of the court, defendant filed a bill of exceptions.

The accused also filed a motion in arrest of judgment, on the ground that " the verdict of the jury is not responsive to the charge as set forth in the bill of information in the case;" which motion was overruled, the court holding, that " the crime of larceny included that of receiving stolen goods, knowing them to be stolen, and that it was competent for the jury under a charge of larceny to find the accused guilty of the latter offence."

While the best interests of well ordered government and the safety of society are promoted by and require the prompt and speedy execution of justice and prosecution of offenders against the criminal laws, at the same time, justice and the rights of citizens require that all persons charged with the violation of law shall have the benefit of the advice and assistance of counsel, the machinery of the courts and *reasonable* time within which they may procure the attendance of witnesses and prepare themselves for their defence.

We do not think, that, in this case, sufficient time for these purposes was granted, and if the precedent were established, we much fear that it would operate harshly and unjustly and, instead of serving as a protection to society and means of punishing crime, might operate to cause injustice and lead to hasty administration of the law. We can well appreciate the praiseworthy earnestness of our brother of the District Court in his desire to administer faithfully and promptly the law of which he is a minister; and without in any manner reflecting upon his

judgment and discretion, we are constrained to differ with him, and think he erred in not granting either a continuance or postponement of the trial. For the purposes of the trial of the motion, the affidavit was to be considered as true and the facts therein set forth in connection with the circumstances detailed, in our opinion, entitled the accused to the continuance sought. We do not see that the State could thereby have been injured, while the accused might suffer great injury by being forced to an immediate trial in the absence of witnesses in his behalf, to secure whose attendance sufficient time was not afforded. 30 An. 295; 26 An. 422.

The reasons given by the District Judge for overruling the motion in arrest of judgment, are not satisfactory. Under the authority of the text writers, and many English and American decisions, there is no doubt, that an indictment may contain distinct counts charging larceny in one and receiving stolen goods in another, and a conviction thereunder of either offence would be good, but we do not think that, under a single count charging only larceny, a conviction of receiving stolen goods can be maintained. The allegations as to larceny do not cover those necessary to constitute receiving stolen goods, and although the offences are to some extent kindred or of the same class, yet, they are as to punishment and to the essential ingredients constituting the crime, distinct. Bishop on Crim. Pro., Waterman's Digest and authorities cited by these authors.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that this case be remanded to the District Court of the parish of Vermilion, to be proceeded with, in a new trial, according to law, at the costs of the appellee.