(53 South. 561.)

No. 18,367.

### STATE v. MITCHELL.

(Nov. 14, 1910.)

*(Syllabus by Editorial Staff.)*

1. CRIMINAL LAW (§ 841*) — INSTRUCTIONS — OBJECTIONS AFTER VERDICT.

The charge of the court not having been objected to, it is too late after verdict to complain of the law on which the verdict was based, as that malice is presumed where the homicide was without provocation.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 2022; Dec. Dig. § 841.*]

2. CRIMINAL LAW (§ 728*)—MISCONDUCT OF JURY—TIME FOR OBJECTION.

The record showing the facts relied on as misconduct of the jury were known to defendant's counsel before verdict, and were not then brought to the court's attention, it was, after verdict, too late to do so.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1689; Dec. Dig. § 728.*]

3. CRIMINAL LAW (§ 720*)—TRIAL—REMARKS OF DISTRICT ATTORNEY.

Remarks of the district attorney to the jury, in answer to argument of the defendant's counsel urging them to believe the testimony of a certain witness, in conflict with that of several others, that, if they do believe it, he is sure they are the only 12 persons who do believe it, are purely argumentative, and not objectionable.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1670–1671; Dec. Dig. § 720.*]

Appeal from Second Judicial District Court, Parish of Webster; R. C. Drew, Judge.

Ben Mitchell was convicted of murder, and he appeals. Affirmed.

Wm. W. McDonald and Stewart & Stewart, for appellant. Walter Guion, Atty. Gen., and John N. Sandlin, Dist. Atty. (R. G. Pleasant, of counsel), for the State.

PROVOSTY, J. The defendant has appealed from a sentence for life for murder.

The case is here on the refusal of new trial, asked for on the three grounds:

"(1) That the verdict of the jury was contrary to the law and evidence in the case.

"(2) That the jury during their deliberation were guilty of misconduct, and violated the instructions of the court by having communication with persons outside of the jury room.

"(3) That during his closing argument the district attorney made several statements that were out of the record in this case, and that the court, in charging the jury, failed to instruct the jury that they should disregard any statement the district attorney might have made in case that was not in the record, and that the failure of the court so to do was exceedingly prejudicial to the interest of the mover and defendant herein.

"Mover shows: That among the several statements made by the district attorney that were not in the record of this said case, and which were most prejudicial to his interest, was: 'If you believe the testimony of Marge Griffin, if they (referring to counsel for defense) have bullragged you into believing it, I am sure that you are the only twelve persons who do believe it.' That said witness Marge Griffin was the main witness for the defense, and that the defense relied almost absolutely upon her testimony for a verdict of acquittal. That counsel for the defense would have interrupted the district attorney at the time of making the statement, but had been instructed and cautioned by the court not to interrupt the speaker, but to make a note of their objections, reserve the bill of exceptions, and urge same at a later date, all of which counsel for the defendant have done and will do.

"That the court failed to instruct the jury to disregard the aforesaid statement of the district attorney, which was well calculated to influence the jury in their verdict by conveying to them what the district attorney conceived to be the opinion of the outside public; that said statement prejudiced the interest of mover and defendant herein; and that because of the said statement, and other reasons, the defendant has not had a fair and impartial trial, and as guaranteed to him by the laws of his state."

For refusing the new trial the learned trial judge gave the following reasons:

"As to the first ground for a new trial: 'Contrary to law and evidence.' The case was made out, beyond all question of doubt, by two or three eyewitnesses, that Ben Mitchell did the killing. They saw him thrust the knife into her breast; and the deceased cried out immediately afterwards that Ben Mitchell had stabbed her. There was no provocation at all for the killing, and the malice is presumed.

"Second. As to misconduct of jury while deliberating on the case: The evidence taken down on the trial of motion clearly shows that there was no misconduct or conversation between juror and Mr. Tom Glass, and that no injury was done or could have been done defendant.

"Third. As to the statement of the district attorney: What the district attorney said was simply in answer to argument of counsel for defendant, urging the jury to believe statements of witness, when her evidence was in direct contradiction of five or six witnesses that Ben Mitchell had done the killing.

"The district attorney had the right to give his version of her evidence, and to state she had testified falsely, and that neither he nor any one else believed her statement.

"There was no request by defendant's attorney to the court to charge the jury not to pay any attention to matters outside of the record or evidence, and in fact there was no necessity for such a charge."

In this court the learned counsel for defendant urge that the proposition that malice is presumed where the homicide was without provocation is not good law, and that, the trial judge having based his refusal of a new trial upon that proposition, a question of law is presented which this court may review.

The answer is that the charge of the judge to the jury must have been unobjectionable, since the defendant made no objection to it and that it is too late after verdict for the defendant to be complaining of the law upon which the verdict was based.

The testimony as to the misconduct of the jury has been brought up, and the learned counsel for defendant would have this court come to a different conclusion upon it from that of the trial judge.

The answer is that the record shows that the facts relied on as constituting misconduct were known to counsel for defendant before verdict, and were not then brought to the attention of the court. After verdict, it was too late to do so. State v. Jefferson, 125 La. 296, 51 South. 203.

The ruling of the court on the subject of the remarks of the district attorney was clearly correct. The remarks were purely argumentative.

Judgment affirmed.