SOMMERVILLE, J.
Defendant was charged with rape, found guilty as charged, and sentenced to be hanged. On the brief of the state it is stated that defendant has appealed, although the record does not contain a motion for, or an order of, appeal.
[1] The first bill of exceptions is taken to the ruling of the court in admitting certain letters in evidence which were written by the defendant, on the ground that they were confessions, and that no basis was laid for the introduction of them.
In overruling the objection, the court says:
“The said letters were permitted to be introduced after the state had proven, by the sheriff, that the defendant had voluntarily given them to him (the sheriff), requesting that they be delivered to the girl who was assaulted, and to her brother. The letters were identified by the sheriff and the brother of the girl assaulted; and I regarded the letters as admissions, rather than confessions; but, if confessions, they were shown to be free and voluntary.”
The statement of the trial judge disposes of the objection.
[2] The next bill is taken to the ruling of the court in admitting certain evidence objected to. The trial judge says:
“I do not recall this incident, but think the state had a legal right to prove any admissions that may have been made by the defendant.”
The statement of the trial judge disposes of the objection. I-Ie had no recollection of the incident referred to, and counsel for the defendant indicate in their bill that they have no distinct recollection of what had occurred. They say that:
“The state asked Mrs. Jinks, a witness, on direct examination, if defendant had made any statement of a threatening nature to her after the alleged crime had occurred.
“Counsel for the defense objected to the admission of any statement in evidence, since it appeared that the time in question was one hour after the alleged assault had taken place, and that if such a statement contained a confession no proper foundation had been laid, and that if no confession was embodied in the statement such statement was immaterial to the issue, and is hearsay evidence.”
The question as to whether “defendant had made any statements of a threatening nature to her (the witness)” did not cover a confession by the defendant, or refer to the crime charged against him. The objection was properly overruled.
[3, 4] The next bill is reserved to the overruling of a motion for a new trial based on the ground that the verdict was contrary to the law and evidence, and upon “newly discovered evidence going to show the character of the girl alleged to have been raped by the defendant.”
The motion and affidavit are defective, as they do not disclose the names of the newly discovered witnesses; the evidence and source from which derived; that the witnesses are not beyond the process of the court; that they knew or would testify to the facts alleged; that there were no other witnesses by whom the fact could be established. The motion was properly overruled. The judge, *463 in his per curiam, says that the evidence convinced him that the jury returned a proper verdict; and he was of the opinion “that the crime of rape can be committed on a woman of unchaste, as well as on a woman of chaste, character.”
After defendant had been sentenced, his counsel filed what is termed a “supplemental motion,” in which they ask for a new trial on various grounds. It was not considered by the court for the reason that it came too late. The ruling is correct. State v. Offutt, 38 La. Ann. 364.
An assignment of errors was filed, but most of the errors assigned are not errors of law patent on the face of the record.
The alleged deficiencies in the transcript must be imputed to defendant who filed the transcript in this court. It is most defective, and it would appear therefrom that the minute clerk requires instructions as to his duties as clerk. The omissions complained of do not show that errors were committed during the course of the trial which were injurious to defendant.
Judgment affirmed.
O’NIELL, J., dissents, assigning reasons. See TO South. 476.