(77 South. 634)

No. 22874.

STATE v. THORNTON et al.

(Jan. 3, 1918. Rehearing Denied Jan. 28, 1918.)

*(Syllabus by the Court.)*

1. INDICTMENT AND INFORMATION ⬯129(2), 130—COUNTS—JOINDER.

"The authorities establish conclusively that it is no objection to the validity of an indictment that several offenses of the same nature, and upon which the same or a similar judgment may be given, are charged in different counts. The joinder of a count for larceny with one for receiving stolen goods has been held to be good both in England and in the United States. In Pennsylvania it is said to be the most usual practice to unite counts in one indictment, charging both of those offenses, although in that state the receiving of stolen goods is only a misdemeanor."

2. CRIMINAL LAW ⬯1111(3) — BILL OF EXCEPTIONS—REVIEW.

"Where the incidents related in the bill of exceptions are denied by the trial judge, the bill will not be considered."

3. CRIMINAL LAW ⬯1171(1)—HARMLESS ERROR—ARGUMENT OF DISTRICT ATTORNEY.

"Harmless remarks of the district attorney in argument are of no consequence."

4. CRIMINAL LAW ⬯889—VERDICT—CHANGE—"COUNT"—"CHARGE."

The trial judge may permit the jury to change the word "charge" in their verdict of guilty to the word "count."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Charge; Count.]

Appeal from Fifth Judicial District Court, Parish of Winn; Cas Moss, Judge.

Tom Thornton and Joe Rolen were convicted of hog stealing, and they appeal. Affirmed.

Huey P. Long, of Winnfield, for appellants. A. V. Coco, Atty. Gen., and Julius T. Long, Dist. Atty., of Winnfield (Vernon A. Coco, of New Orleans, of counsel), for the State.

SOMMERVILLE, J. Tom Thornton and Joe Rolen have appealed from a verdict of guilty of the larceny of 13 hogs, of the value of $125, and the sentence of both of them to not less than one year in the penitentiary, and Rolen to not over fifteen months and Thornton to not over two years.

The indictment charges the appellants and Bob Rolen with having stolen said hogs, and in a separate count with having received same, knowing them to have been stolen, all alleged to have been done on the 9th day of May, 1917.

The appellants were found guilty on the first count. Bob Rolen was acquitted.

The first and second bills of exceptions were taken to the judge refusing to sustain a motion to quash the indictment and to have the state elect on what count it would prosecute. The first asserts that the indictment contains counts inconsistent with one another, and forces defendants to stand trial on counts destructive of one another.

It was the duty of the district attorney to charge in the information the crimes committed in one continuous transaction by the accused with reference to certain designated property.

"When two or more crimes result from a single act, or from one continuous unlawful transaction, whether denounced by the same statute or by different statutes, since no person once convicted or acquitted can be afterwards tried for another offense on the same facts, but one indictment will lie." Marr's Crim. Jur. p. 419.

[1] In the case of State v. Crosby, 4 La. Ann. 434, where larceny and receiving stolen goods were charged in several counts of an information, it is said:

"The authorities establish conclusively that it is no objection to the validity of an indictment that several offenses of the same nature, and upon which the same or a similar judgment may be given, are charged in different counts. 2 Hale's P. C. 173; 1 Chitty, C. L. 253; Wharton, C. L. 106. The joinder of a count for larceny with one for receiving stolen goods, has been held to be good both in England and in the United States. In Pennsylvania it is said to be the

most usual practice to unite counts in one indictment, charging both of those offenses, although in that state the receiving of stolen goods is only a misdemeanor. Rex v. Galloway, Moody's Crown Cases, 235; Wharton, C. L. 108, and note; [People v. Rynders] 12 Wend. [N. Y.] 429; [Kane v. People] 8 Wend. [N. Y.] 210, 211."

That decision has been affirmed in State v. McLane, 4 La. Ann. 435; State v. McLane, 4 La. Ann. 437; State v. Moultrie, 33 La. Ann. 1146; and State v. Laque, 37 La. Ann. 853.

"The right to compel the prosecution to elect on which count or charge it will proceed is confined to cases where an indictment contains charges which are entirely distinct and grow out of different transactions." Marr's Criminal Jur. p. 423; Bishop's New Crim. Pro. vol. 1, §§ 445(2) and 453.
"A verdict convicting defendant of one of the offenses, and acquitting him of the other, cures the defect." Bishop's New Crim. Pro. vol. 1, § 443(1) citing State v. Clement, 42 La. Ann. 583, 7 South. 685.

Bills numbered 3 and 4 were abandoned.

[3] Bill numbered 5 was taken to the following remarks of the district attorney in the course of his argument to the jury:

"I will tell you the defense that was made in that case," referring to the Carroll case, where one of the defendants was one of the accused.

Counsel for the defendants Bob and Joe Rolen objected, and asked that the stenographer take down the request of the defendant that the court instruct the district attorney not to discuss the facts of the Carroll case—

"and that the court thereupon ordered the stenographer not to take down that said request was made, to which ruling of the court defendants reserved this bill of exceptions, showing that by this they were injured and prevented from having and exercising their rights to have the higher court pass upon the regularity of proceedings in this case, to defendants' injury."

The per curiam of the judge shows that the remark of the district attorney was taken down by the clerk,

"but the clerk was not permitted to take down the request of counsel that the court instruct the district attorney not to discuss the Carroll case, for the reason that the court immediately instructed the district attorney not to discuss the Carroll case, and to confine his argument to the facts of the case on trial, which the district attorney did, and stopped after using the words: 'I will tell you the defense that was made in that [Carroll] case.'"

The Carroll case was referred to by counsel for defendants in their argument, and the district attorney was replying to that portion of their argument when he used the words above quoted. Defendants were not injured by the ruling.

Bills numbered 6 and 7 are without merit.

Bill numbered 8 was taken to the district attorney remarking to the jury, in his argument:

"Nobody accounts for these hogs except the thieves themselves."

[2] It is claimed that the court refused to instruct the jury to disregard this remark, and that this was greatly prejudicial to the rights of defendants. The per curiam of the judge shows that this remark was followed by the further statement of the district attorney that "the proof showed" that this was true, and that, after objection was made, the court directed the district attorney not to make such remarks, and that the district attorney told the jury that he did not intend to express an opinion, and did not want to prejudice them by any statement; and the court charged the jury to disregard the statement.

"Where the incidents related in the bill of exceptions are denied by the trial judge, the bill will not be considered." State v. Torris, 138 La. 460, 70 South. 475.
"Harmless remarks of the district attorney are of no consequence." State v. Mitchell, 127 La. 270, 53 South. 561; State v. Thomas, 127 La. 576, 53 South. 868, 37 L. R. A. (N. S.) 172, Ann. Cas. 1912A, 1059.
"A verdict approved by the trial judge will not be set aside because of improper remarks by the district attorney, unless the jury were certainly influenced by such remarks, and that they contributed to the verdict." State v. Cloud, 130 La. 955, 58 South. 827, Ann. Cas. 1913D, 1192.

Bill numbered 9 was taken to the judge refusing to charge the jury that:

"Whilst it is not sacramental that the ownership of the property alleged to have been stol-

en was the property of the person named in the indictment, but it must be shown beyond a reasonable doubt that the property belonged to some other person."

The per curiam of the judge attached to this bill says:

"The above special charge is covered by the general charge, and for that reason the special charge was not given."

Reference to the general charge of the judge shows that it covered this matter sufficiently. There was no injury done the accused by the judge failing to give this special charge.

[4] Bills numbered 10 and 11 were taken to the action of the judge in permitting the jury to change one word in their verdict under these circumstances. The jury returned the verdict:

"We, the jury, find Tom Thornton and Joe Rolen guilty as charged in the first charge, and Bob Rolen not guilty."

Whereupon the court instructed the jury to return to their room and write such a verdict as they had agreed upon, and, if they meant to find the parties guilty as charged in the first count of the information, to use the word "count" instead of the word "charge." It is shown that the jury retired, and immediately reappeared and returned a verdict in the same language as was returned the first time, except the word "count" was substituted for the word "charge." The appellants assert that they were injured and deprived of their rights by the action of the judge in this matter. They fail to point out wherein they were injured, and it is certain that the jury intended to find Bob Rolen and Tom Thornton guilty of the offense charged in the first count of the indictment.

The words "count" and "charge," when used relative to allegations in an indictment, are synonymous. Webster's International Dictionary; Bouvier's Law Dictionary; and Marr's Criminal Jurisprudence, p. 423.

Judgment affirmed.