BRUNOT, J.
 

 Will Reed and,'Albert Smith were charged with assault and robbery. Both were arraigned and pleaded “not guilty.” On the motion of the assistant district attorney a severance was ordered and the case against Will Reed was continued. In due time Albert Smith was tried, convicted, and sentenced to not less than 12 nor more than 14 years at hard labor in the Louisiana State
 
 *759
 
 Penitentiary. From the verdict and sentence he appealed.
 

 There is what purports to be one bill of exception in the record. It appears that during the argument the assistant district attorney said to the jury:
 

 “Now, gentlemen, I say that society must be protected.”
 

 At this point counsel for defendant interrupted the speaker, objected to the quoted remark, and requested the court to instruct the jury to -disregard it. The court immediately gave the following instruction:
 

 “Gentlemen of the jury, .this ease has to be tried on evidence adduced at the trial, and on the law that I will explain to you -in my charge. ..Whatever arguments the lawyers in the case may make is not evidence. The lawyers for both the state and the defense have the right to draw reasonable conclusions from the evidence, but it is for you to decide what has been proven and what has not been proven. You must decide the case on the evidence heard at the trial, and the law applicable to the case, which I will explain to you in my charge.”
 

 'Tile court then, asked counsel for defendant the following question:
 

 “Is that satisfactory, Mr. Bartley?”
 

 Mr. Bartley replied to the court's question as follows:
 

 “Yes, sir; that covers it like a blanket.”
 

 The foregoing is all of the facts as they appear in the notes of evidence which are attached to and made a part of the bill of exceptions.
 

 It is clear that counsel merely requested the court to instruct the jury to disregard a remark he objected to, which request was promptly complied with, to counsel’s entire satisfaction.
 

 The record fails to disclose any other alleged error or any other objection made by counsel for defendant during the trial, but it appears that, after the defendant’s conviction and when he was brought to the bar to be sentenced, counsel asked the court to grant him 10 days in which to prepare and file his bills of exception. The court reserved to counsel the right requested, sentenced the accused, and, on his application, granted an order of appeal. The bill in the record was prepared within 10 days thereafter. When submitted to the court, it was approved only as to the statement of facts made a part of it. Counsel himself must have concluded that there is no merit whatever in his bill, for he has not made an appearance in this court or filed a brief in the ease. The only thing worth mentioning in connection with it is that it presents the anomalous situation of counsel, evidently as an afterthought, excepting to a ruling which granted his request to the extent of “covering it like a blanket”
 

 If the bill was properly before us there is no merit in it. In no event would it present a matter calling for more than passing-notice.
 

 “Except in extreme eases the presumption is that the prejudicial effect on the jury of improper remarks made by counsel for the state was removed by the instructions of the court to the jury to disregard the same.” State v. Easley, 118 La. 690, 43 So. 279; State v. Heidelberg, 120 La. 300, 45 So. 256; State v. Thornton, 142 La. 797, 77 So. 634.
 

 The verdict and sentence are affirmed.