Morrow, J.
Mabel Smith, John Driskill and Rudolph Wehking have been indicted for violation of Section 12823, General Code, which is entitled “Bribery.”
The first count charges that on or about February 23, 1933, Mabel Smith and John Driskill, principals, and Rudolph Wehking being an aider and abettor, unlawfully gave to Rudolph Wehking, a police officer, Five Hundred ($500.00) Dollars, with an intent to influence, etc.
The second count sets forth that on or about the twenty-third day of February, 1933, the said Rudolph Wehking as principal, and Mabel Smith and John Driskill as aiders and abettors did accept Five Hundred ($500.00) Dollars from *402 Mabel Smith and John Driskill to influence him, the said Rudolph Wehking with respect to his official duty, etc. It is also stated “the offense stated in the second count of this indictment being connected in its commission with the offense stated in the first count of this indictment, contrary etc.”
Certain motions of the defendants addressed to the indictment were overruled orally at the time of argument. However, a supplemental memorandum has been filed by Mr. Froome Morris in which he requests an enlargement of the oral order upon the prosecutor to furnish a bill of particulars.
As to this it should be said the prosecutor volunteered to furnish a bill of particulars with reference to certain aspects of the indictment, and' only to the extent of his offer has the order applied.
At the time of argument the motion to require the prosecutor to furnish the exact date of the transaction in question was overruled, but Mr. Morris reiterates his requests in his supplemental memorandum and states: “It is not claimed by the prosecutor that the date stated in the indictment is the. absolute date upon which he will ultimately rely; in fact I understand he has privately admitted that the actual date which he expects to prove is a date other than that which the indictment mentions.”
My understanding as to this is different, and that the prosecutor cannot fix any more exact time than as set forth in the indictment (“on or about February 23, 1933”). Obviously it would be a vain thing for the court to ask the prosecutor to furnish information not at his disposal, and the motion for a bill of particulars informing defendants as to the exact date is therefore overruled.
We are concerned here with an indictment containing two counts. In Words & Phrases, Third Series, Yol. 2, it is stated:
“Count and charge when used relative to allegations in an indictment are synonymous.”
See State v. Thornton, 77 Southern, 634; 142 La., 797; also DeLuco v. United States, 299 Fed. 741 at 743. We are *403 concerned therefore with two charges against the defendants.
The statute defining “Bribery” comprises two distinct offenses: the giving of the bribe and the taking of the bribe.
The indictment in its first count charges S. and D., as principals, and W. as aider and abettor, with giving W. a bribe. In the second count, or charge, it charges W., as principal and S. and D., as aiders and abettors with accepting a bribe. The defendants have filed separate demurrers to each of the two counts. They submit that in the first count Wehking is accused as an aider and abettor in giving himself a bribe and, in the second count they point out that S. and D., as aiders and abettors are accused of accepting from themselves a bribe. The second count also sets forth that its commission is connected with the first count. They say W. should be dismissed as to the first count and S. and D. dismissed as to the second count.
There is little authority in Ohio and the case of U. S. v. Dietrich, 126 Fed. Rep., p. 664, has been cited.
The federal statute against bribery which made it a further offense to “agree to receive” any money, or to “agree to give any money” as a bribe was invoked as against a United States Senator-elect. As in the Ohio statute the offense of giving and receiving a bribe were both included in the same statute. We therefore feel that the reasoning of Judge Van Devanter, who afterwards was elevated to the Supreme Court of the United States, is of interest in this matter. He points out in the first place that agreeing to receive a bribe and agreeing to give such a bribe are distinct and separate offenses, and he states that persons cannot be severally charged in the same indictment and in a single count with agreeing to receive a bribe and agreeing to give a bribe because they are such distinct and several offenses. On page 667 he says:
“A person cannot agree with himself, receive from himself, or give to himself.”
The concurrent and several actions of persons are necessary to the act of agreeing, receiving or giving. This *404 language would seem to militate against the instant indictment wherein in the first count Wehking is indicted for aiding to give to himself a bribe, and as to the second count where S. and D. are charged with aiding W. to accept money.
The case of Bram v. State, decided by the 8th Ohio App. District, reported in Vol. 12, p. 276, Ohio Law Abstract, sets forth in the first syllabus:
“While an aider or abettor may be charged in the indictment as a principal, he nevertheless must have a separate identity from the principal. One person in the same act and at the same time cannot be both a principal and an aider and abettor.”
It would appear therefore faulty criminal pleading to nominate W. as a principal and at the same time as an aider and abettor as to the same transaction.
It will be remembered that Section 12380, General Code, entitled “Aiders and Abettors” provides:
“Whoever aids, abets or procures another to commit an offense may be prosecuted and punished as if he were the principal offender.”
Therefore, because a man cannot give to himself the demurrer as to Rudolph Wehking is sustained, as to the first count of the indictment.
Because one cannot accept from himself the demurrer as to Mabel Smith and John Driskill is sustained, as to the second count of the indictment.
That being the case, and pursuant to the provisions of Section 13437-7, General Code, the words “and Rudolph Wehking being an aider and abettor as to the first count of this indictment” are, and may be considered as surplus-age or repugnant allegations. There is sufficient matter alleged without these words to constitute an accusation of a crime, and to indicate the persons properly charged, namely S. and D.
As to the second count, the demurrer as to S. and D. is sustained, and the words “and the said Mabel Smith and John Driskill being aiders and abettors as to the second *405 count of this indictment” are, and may be regarded as surplusage or repugnant allegations.
As the matter now stands Wehking could not be sentenced for having aided and abetted S. and D. to give himself a bribe; S. and D. could not be sentenced for having aided W. in accepting a bribe.
While certain implications might be gathered from the case of State v. McCoy, 52 O. S., 157, which was cited by the prosecuting attorney, we do not consider that this case throws much light on the question of criminal pleading. As pointed out in the case of State v. Tuttle, 67 O. S., 440. The McCoy case must be considered with reference to the peculiar possibilities of the crime of abortion.
. Having sustained the demurrer to the extent indicated, where do we stand? Counsel for the defendants contend that the indictment should be severed into two indictments pursuant to the provisions of Section 13437-27, General Code, which provides:
“If the court be of the opinion that the first and second defects or either of them exists in any indictment or information, it may sever such indictment or information into separate indictments or into separate counts as shall be proper.”
(The defects referred to are misjoinder of parties and misjoinder of offenses.)
The evident purpose of an application for a severance is to create a situation whereby separate trials of the defendants will be had. We do not deem it necessary to sever the indictment into several indictments as moved by the defendants, notwithstanding the previous action of the court on the demurrer.
Section 13437-3, General Code, starts out as follows:
“An indictment or information may charge two or more different offenses connected together in their commission * 5H # »
Considering the words as surplusage, so indicated above, we have an indictment of two counts wherein S. and D. are charged with giving a bribe in the first count, and W. *406 is charged with having accepted a bribe in the second count. It is true that there is no identity of persons in the first and second counts, and that S. and D. are charged severally with one offense in the first count and W. is charged severally with another offense in the second count.
The new Criminal Code was designed to simplify criminal procedure. It certainly was not meant to retard, complicate or emasculate the processes of criminal procedure. Bearing this in mind, and the language above quoted, we submit that the indictment as it stands at the present time is free from scholastic reasoning, but has set forth in a brief and comprehensive form (See Section 13437-6, General Code) the offenses sought to be charged.
Futhermore, there is ancient and respectable authority for the proposition that an indictment may charge A. with an offense in one count and B. with a different offense in a second count. The Section 13437-3, General Code, as above quoted follows precedents in common law criminal pleading.
We are concerned with an indictment charging a crime in which concert is necessary, such as dueling, bigamy and adultery, and such as was called by the old writers “concursus necessarius” as distinguished from “concursus facultativus.”
See the case of Redman v. State, 1 Blackford, 429, wherein the court says:
“The point on which the principal reliance was placed, is, the joinder of two counts in the same indictment; one against Warner for larceny, the other against Redman and others as receivers. But this objection is unavailable. The two crimes are of the same nature; they require the same plea, the same judgment, and the same quantum of punishment. The charge of larceny against Warner, in the first count, can not mislead or perplex the receivers in their defense, nor change the nature of their case, in any respect, from what it would have been if the larceny had been set forth by way of recital.”
In the case of King v. Kingston, et al., 8 Easts Rep. (1806) p. 41, it was argued on demurrer (See.p. 45) that the offense as charged in the several counts is against *407 different offenders, which offenses being in their nature several and distinct cannot properly be joined in the same indictment. Lord Ellenborough, Chief Justice, stated:
“But where to the offenses so charged in different counts there may be the same plea, and the same judgment, there is no authority for saying that such joinder is bad in point of law, nor is there any legal incongruity on the face of it.”
See also the case of Commonwealth v. Seeley, 167 Mass. Rep., p. 163 (1896) wherein it was held in the syllabus:
“It is within the power of the Superior Court to order, in its discretion, that two persons, who have been indicted separately, each for adultery with the other at the same time and place shall be tried together without their consent.”
In Commonwealth v. Rosenthal, 97 N. E., 609, 211 Mass. 50; 47 L. R. A. (N. S.) 955; American Cases 1913-A, 1003, (1912), Judge Rugg says in commenting on the Seeley case (In Commonwealth v. Seeley, 167 Mass. 163):
“Although no precedent therefore was found, it was held that two persons separately indicted for an offense committed jointly might be tried together. The incident under inquiry there was made the basis of trial rather than the number of indictments, that principle is controlling in the present case where the indictments were founded upon what was in substance a single course of conduct.”
The case of Rex v. Kingston and the Redman v. State cases above quoted were cited with approval by Judge Van Devanter in the Dietrich case above quoted, and the reasoning of the Dietrich case has been approved as late as 1932 when it was cited by the Supreme Court-in Gebardi v. U. S., 287 U. S. 121, although it is true the precise question now under consideration was not adverted to in that opinion.
In this connection see also Beckman v. The State of Ohio, 122 O. S. 443 wherein Section 13437-3 is construed in a somewhat similar case.
Returning now to the words of the statute, Section 13437-3, and quoting again “an indictment or information *408 may charge two or more different offenses connected together in their commission” it is proper to point out now that the second count of the indictment under consideration now very properly sets forth:
“ * * * the offense stated in the second count of this indictment being connected in its commission with the offense stated in the first count of this indictment
It is true that the language of the statute above quoted later makes it appear that the counts must necessarily refer to a defendant, but the statute of necessity and according to the ordinary canons of interpretation may be said to mean the plural as well as the singular, that is, where the word “defendant” appears later on in the statute obviously “defendant or defendants” is meant. That being the case the remaining language of the statute with reference to election and possibility of plural convictions is broad enough to include our interpretation of criminal pleading in keeping with the Massachusetts, English and Indiana cases above quoted, and the attitude of Judge Van Devanter.
The drawing of indictments has progressed since the time of Blackstone when a man was. alleged to have done something, for instance, “at the instigation of the devil, with a knife four inches long, of the value of two shillings.” It is in keeping with the spirit and purpose of the new criminal code, we take it, that those accused of giving a bribe are tried at the same time with the one accused of taking the bribe, pursuant to charges in an indictment of two counts wherein the giving is set forth in the one count and the accepting in the other.
The motion to sever the indictment into separate indictments, which was heretofore filed by the defendant, is overruled.