TATE, Justice.
The defendant Martin was convicted of simple burglary, La.R.S. 14:62, and sentenced to six years at hard labor. Of the eight assignments of error presented on his behalf, the most arguably reversible is raised by the third assignment.

Assignment of Error No. 3:

The basis for this assignment requires a statement of the context facts:
At two o’clock in the morning a police officer saw the accused near the door of a coffee shop. The accused walked away. The coffee shop had been frequently burglarized. Consequently, the officer stopped the accused and observed blood dripping from a fresh cut on his hand.
The officer then went to the building. He found that a side-window had been broken and was open, and that there were trickles of blood on the outside of the building along with some broken glass. Lateir evidence showed that the blood-type *385 of the blood on the wall matched the defendant’s blood-type, and that a fingerprint on a piece of broken glass outside the building matched the accused’s. (Other evidence showed that an unlawful entry had been made, and that a bloodstained table cloth found wrapped around beer containers had apparently been taken from the building at the time of the burglary.)
The accused’s defense was that he just happened to be near the coffee shop in connection with a trip to buy cigarettes at a nearby all-night store. He testified that he had en route cut his hand on a hurricane fence and had wiped it on the building.
The accused thus argues that, conceding that the evidence showed that someone had burglarized the premises, he was the unlucky victim of coincidence in that he happened to be passing by afterwards with a cut hand when the police officer discovered the burglary.
Assignment of Error No. 3 is taken to the trial court’s sustaining a state objection to questioning the proprietor of the coffee shop as to other burglaries of the premises in the week preceding and the week succeeding the present burglary. The purpose, of course, was to negate the circumstantial proof that the accused himself had committed the burglary by counter circumstances tending to show that burglaries of the premises were not uncommon, presumably committed by others than the present accused.
The State objected on the ground that, if the defendant educed testimony as to these other burglaries, the State would attempt to show that they employed the same method as the present and that the defendant himself was guilty of all of them. This, the State suggested, might cause prejudice to the accused and might endanger the fairness of the trial and cast into question a subsequent conviction.
The trial court had already permitted the defendant to elicit from the proprietor that there had been several other burglaries in the two weeks surrounding the present offense, Tr. 125, and from the police officer that there had been many other burglaries of the coffee shop premises, Tr. 105.
The trial court then ruled that it would not permit “further testimony as to other burglaries . . . unless there is a con-nexity established” with the present offense. Tr. 127-28.
Considering that the jury had already received general evidence of the other burglaries, as well as the limited purpose for which introduction of the evidence was sought,[1] we do not believe that reversible error was committed by the trial court’s termination of further more specific evidence as to these other burglaries which might inject distracting and time-consuming side-issues regarding their facts into the present case. See McCormick on Evidence, Section 185, esp. pp. 439-441 (2d ed., 1972).
The closely related Assignment of Error No. 4 concerns the trial court’s refusal to permit the defendant to produce evidence that the police interrogated the defendant for a subsequent burglary the next night. The incident lacked probative value to prove bias, the purpose for which offered. The reasons why the officers incorrectly suspected the defendant the next night could only raise a confusing and prejudicial side-issue. The trial court did not err in limiting evidence as to this irrelevant issue.

Other Assignments:

1. Of the other assignments, we were given the most concern by the trial court’s refusal to admit, upon State objection, certain photographs of the defendant *386 in front of the residence at which he claimed to have stayed during the evening, of a hurricane fence on which the defendant is alleged to have cut himself, and of the general scene of the burglary and the nearby buildings (including a posed illustration of how the defendant allegedly rubbed his bloody hand against the building). Assignment No. 7. These were offered to be used in connection with the testimony of allegedly inarticulate witnesses in order to help them explain their testimony. Although we are inclined to believe that the photographs were admissible as demonstrative evidence for the limited purpose introduced, see McCormick on Evidence, Section 214 (2d ed. 1972), we find no reversible abuse of the trial court’s discretion in excluding them as insufficiently probative due to lack of connexity, confusing dissimilarity in date or time of day, or possibilities of inaccuracy. Id. at 532-33 and Section 212 at p. 526.
2. With regard to photographs 7 and 8, we find no error in the trial court’s holding them inadmissible upon the defendant’s admission that the fence depicted had not been built at the time of the crime. (They had initially been admitted subject to the State’s objection; upon the defendant’s admission that the fence depicted was different than the fence about which he was testifying, the State's objection was sustained. Despite the defendant’s complaint Assignment 8, we find no error in the trial court’s ruling on admissibility in this matter; where the jury was not by it exposed to prejudicial implications of a photograph subsequently found to be inadmissible.)
3. The other assignments do not present substantial issues:
Assignment No. 1: The defendant cannot complain of the then-lawful exclusion of females from the jury venires in this trial held prior to the invalidation of state procedures doing so by Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). State v. Raster, 309 So.2d 321 (La.1975); Assignment No. 2: The fingerprints and table cloth found in the burglarized shop are not shown to be irrelevant or inadmissible; Assignment No. 5: Nor is any legal reason advanced to support the inadmissibility of the blood type of the defendant Martin, as shown by admissible blood donor records based on the accused’s donation of his blood several months prior to the burglary; Assignment No. 6: The motion for directed verdict was correctly denied. There was some circumstantial evidence from which the jury could reasonably infer the defendant’s guilt of breaking into the building with the intent to commit a theft (i. e., of burglary). The motion does not lie unless there is no evidence at all. State v. Douglas, 278 So. 2d 485 (La. 1973).

Decree

Accordingly, we affirm the conviction and sentence.
Affirmed.

. In defense counsel’s words, Tr. 127: To show “that it would not be extraordinary if there’d been someone else” who committed the burglary.