340 So.2d 242 (1976)
STATE of Louisiana
v.
Buford McDANIEL.
No. 57923.
Supreme Court of Louisiana.
October 14, 1976.
Rehearing Denied November 23, 1976.
*243 F. Clay Tillman, Jr., Tillman & Mitchell, Leesville, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., William C. Pegues, III, Dist. Atty., for plaintiff-appellee.
DENNIS, Justice.
On September 19, 1973, the Vernon Parish Grand Jury indicted defendant for the first degree murder of LeRoy Jackson, a violation of La.R.S. 14:30. Defendant's motion to quash the indictment on the grounds that the first degree murder statute is unconstitutional was granted by the trial court. The State appealed from this ruling and we reversed, remanding the case for *244 further proceedings. State v. McDaniel, 308 So.2d 262 (La.1975). Trial commenced on May 27, 1975, and at its conclusion the jury returned a verdict of guilty of second degree murder. Without observing the legal delay required by La.Code of Criminal Procedure article 873, on the same day that the court denied defendant's motion for a new trial it imposed the mandatory sentence of life imprisonment without benefit of parole, probation or suspension of sentence for twenty years. La.R.S. 14:30.1, as added by Acts 1973, No. Ill, § 1. On appeal, defendant relies upon eight assignments of error for reversal of his conviction and sentence. We find no merit in these assignments, but remand for resentencing.
ASSIGNMENT OF ERROR NO. 1
In this assignment defendant renews his attack on the constitutionality of our first degree murder statute on two grounds. First, defendant contends that La.R.S. 14:30, as amended by Acts 1973, No. 109, § 1, permits standardless jury discretion in the imposition of the death penalty and thus violates the Eighth and Fourteenth Amendments to the United States Constitution. This criticism is valid, and was one of the reasons the United States Supreme Court invalidated the statute's mandatory death penalty. Roberts v. Louisiana, 428 U.S. 325, 96 S.Ct. 3001, 49 L.Ed.2d 974 (1976). However, Roberts found only the sentencing provision unconstitutional, and did not strike down the entire statute or bar prosecutions under it. We have held that Roberts requires new non-capital sentences but not the reversal of convictions obtained under the statute. See State v. Jenkins, 340 So.2d 157 (La.1976). Since defendant was convicted of second degree murder which does not carry a death penalty, his argument and the Roberts decision are inapplicable.
Secondly, defendant reasserts his contention that the statute was passed in a fiscal session of the legislature without the necessary three-fourths majority vote. La.Const. Art. III, § 8 (1921). We have already ruled adversely to defendant on this issue and we adhere to our original decision in State v. McDaniel, 308 So.2d 262 (La.1975). There we construed the constitutional provision to require a three-fourths vote of each house to extend the session but only a majority vote of each house for passage of the bill. See also, State v. Reado, 295 So.2d 440 (La.1974).
This assignment is without merit.
ASSIGNMENT OF ERROR NO. 2
Defendant claims that he was prejudiced by the systematic exclusion of women from the grand jury which indicted him in 1973, prior to the decision which found such exclusion unconstitutional. Taylor v. Louisiana, 419 U.S. 522, 95 S.Ct. 692, 42 L.Ed.2d 690 (1975). He argues that since the petit jury which convicted him in 1975 was properly composed of both men and women as required by the Louisiana Constitution of 1974, the grand jury should have been similarly constituted. This, he claims, is not an argument for the retroactivity of Taylor but for consistency. We find the argument unpersuasive. The system of exclusion in effect at the time of defendant's indictment is not made more offensive by the fact that it had been eliminated by the time of trial. Furthermore, exclusion of women from jury venires was lawful when defendant was indicted, and since Taylor has not been given retroactive application, defendant has no grounds for complaint. State v. Martin, 319 So.2d 383 (La.1975); State v. Rester, 309 So.2d 321 (La.1975); Daniel v. State of Louisiana, 420 U.S. 31, 95 S.Ct. 704, 42 L.Ed.2d 790 (1975).
ASSIGNMENT OF ERROR NO. 3
This assignment relates to the trial court's refusal to admit defendant to bail after the indictment against him for first degree murder had been quashed. La.Code of Criminal Procedure article 322 provides that "a person held may invoke the supervisory jurisdiction of the supreme court on a claim that the trial court has improperly refused bail or a reduction of bail in a bailable case." The issue is neither properly nor timely raised on appeal. Defendant's *245 conviction and sentencing have rendered the issue moot. La.Const.1974, Art. I, § 18; La.C.Cr.P. art. 314; State v. Bradford, 298 So.2d 781 (La.1974).
ASSIGNMENT OF ERROR NO. 4
Defendant alleges a number of irregularities in the selection of the petit jury: that the trial judge abused his power to excuse jurors; that the judge improperly denied defendant the right to attach absent and unexcused veniremen; and that when the petit jury venire was exhausted, the court did not follow the correct procedure for drawing tales jurors from the general venire. The record, which we have thoroughly reviewed, does not support these allegations.
The court has the authority to excuse veniremen in advance and when this is done for valid reasons there is no conflict with the defendant's right to have the entire venire present. La.C.Cr.P. art. 783, and Official Revision Comment (b). Here, the court excused a large number of veniremen under article 783, but its reasons were frequently stated and in most cases the decision was based upon the age or illness of a prospective juror. In not a single instance was a frivolous reason given for the excusal.
We were initially concerned by the fact that a number of veniremen were "excused under article 783" without further elaboration, because it was impossible to determine from this whether the trial judge had exercised his discretion soundly. At our request, however, the judge supplemented the record to include the specific reasons for his actions, which in our opinion were reasonable. Under these circumstances, we find that defendant has shown no abuse of the court's discretion.
Defendant also complains that the court repeatedly refused defense counsel's requests for attachment of those veniremen whom the sheriff had been unable to locate. The record indicates that attachment was requested only once and that the court granted the request and ordered the missing venireman attached.
Finally, defendant claims the record does not contain the requisite order of the court for the clerk of court to draw tales jurors from the general venire box in the manner required by La.C.Cr.P. art. 785(B). The record reflects that the court "ordered the Clerk to draw from the Tales Jury Box the names of 40 persons to serve as Tales Jurors in this case as provided for by law." (Emphasis supplied.) In the absence of any allegation or showing to the contrary, we must presume from the court's order that the names of the tales jurors were drawn in accordance with the codal procedure.
This assignment is without merit.
ASSIGNMENT OF ERROR NO. 5
Defendant alleges that jurors who had been selected and sworn were improperly mingled with prospective jurors, that male and female jurors were separated during recesses, and that during the trial one of the jurors engaged in prohibited communication with someone outside of the proceedings.
Only the latter incident is properly documented: the record reflects that during a brief pause in the proceedings while the jury inspected an item of evidence, one of the jurors was approached by a man who delivered his paycheck and had him sign for it. Generally, jurors must be secluded from outside communication, and upon a separation of the jury in capital cases, misconduct is presumed. State v. Luquette, 275 So.2d 396 (La.1973). In the instant case, however, this presumption was conclusively rebutted by the testimony of the bailiff who stated that he overheard the entire exchange and that it related only to the innocuous matter of the payroll check.
We do not consider the other alleged improperties, which were first complained of in defendant's motion for a new trial. The trial court ruled that because defense counsel was aware of the alleged errors prior to the verdict and had failed to move for a mistrial, his objection had been waived. We agree. See State v. Mitchell, 127 La. 270, 53 So. 561 (1910). In Luquette, supra, *246 we held that improper sequestration of the jury was an error patent on the face of the record where a minute entry indicated that the separation had taken place. Here, however, we are presented with quite a different situation: not only is there no indication in the minutes or elsewhere in the record that the jury was separated, but the judge does not recall it and defendant offered no evidence at the hearing on his motion for a new trial that such a separation ever in fact occurred. Defendant's untimely and unsubstantiated allegations are not sufficient grounds for reversal.
This assignment is without merit.
ASSIGNMENT OF ERROR NO. 7
Defendant argues that in preventing two non-sequestered defense witnesses from testifying, the trial court abused its discretion and stifled the defense.
At the outset of the trial the court placed all witnesses under the rule of sequestration;[*] but at that time defense counsel did not anticipate presenting any testimony, and only the State's witnesses were removed from the courtroom. After the State had rested its case, however, defense counsel attempted to call the court's minute clerk and the defendant's son as character witnesses. Both had been present in the courtroom throughout the proceedings and upon objection by the State, the court ruled that they would not be permitted to testify.
La.Code of Criminal Procedure article 764 regulates the sequestration of witnesses:
"Upon its own motion the court may, and upon request, of the state or the defendant the court shall, order that the witnesses be excluded from the courtroom or from where they can see or hear the proceedings and refrain from discussing the facts of the case or the testimony of any witness with anyone other than the district attorney or defense counsel. The court may modify its order in the interest of justice."
The jurisprudence interpreting this article has held that it vests in the trial judge the authority to disqualify a witness who has violated the sequestration order. State v. Bias, 337 So.2d 426 (La.1976); State v. Holmes, 305 So.2d 409 (La.1974); State v. Barnard, 287 So.2d 770 (La.1974); State v. Coleman, 254 La. 264, 223 So.2d 402 (1969).
The rule of sequestration is intended to insure that a witness will testify as to his own knowledge of the case without being influenced by the testimony of other witnesses, and to strengthen the role of cross-examination in developing the facts. State v. Bias, supra; State v. Holmes, supra; State v. Barnard, supra. In this case the judge was additionally concerned that the jury might think the minute clerk was testifying under the aegis of the court and so accord his testimony undue weight.
We reject defendant's argument that these witnesses were crucial to the defense. Character "depends upon the general reputation that a man has among his neighbors, not upon what particular persons think of him." La.R.S. 15:479. By its very nature, then, evidence of a man's "general reputation" is subject to being given by many members of the community, and defendant might have called others to establish his good character.
Under these circumstances we find no abuse of the trial court's discretion in excluding these two witnesses.
This assignment is without merit.
ASSIGNMENT OF ERROR NO. 6
Defendant's two motions for a new trial, based upon the alleged errors discussed in the two previous assignments of error, were denied by the trial court after hearings. For the reasons stated above, we find that the court's rulings were correct.
*247 ASSIGNMENT OF ERROR NO. 8
Defendant contends that the State's repeated postponements of the trial date denied him his right to a speedy trial.
The indictment charging defendant with murder was returned on September 19, 1973, and the case was originally fixed for trial on February 19, 1974. The most substantial delay in the proceedings was occasioned by the trial court's granting the defense motion to quash the indictment on April 29, 1974, and the State's appeal of this ruling; this Court rendered its decision reversing that ruling on February 24, 1975 and trial commenced three months thereafter.
Trial was commenced well within the three year statutory limitation provided by article 578 of the Louisiana Code of Criminal Procedure. Furthermore, defendant did not vigorously assert his right to a speedy trial, but rather contributed to the delay by filing numerous motions which retarded the proceedings; and there is no indication that the State deliberately delayed the trial in an effort to hamper the defense. See, Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). Under these circumstances, we find no deprivation of the right to a speedy trial.
This assignment is without merit.
We note, ex proprio motu, an error patent on the face of the record which requires that the sentence imposed be annulled and set aside. The minutes reflect that the court sentenced defendant on the same day it denied his second motion for a new trial, in violation of La.C.Cr.P. art. 873 which requires a twenty-four hour delay. No waiver of the delay appears from the record.
The statute affords a defendant extra time in which to file further pleadings such as a motion for a new trial or a motion in arrest of judgment. Where this delay is not observed, any sentence so imposed is void. State v. Johnson, 275 So.2d 405 (La. 1973).
We therefore remand the case for resentencing and reserve to defendant the right to appeal from the trial court's adverse rulings, if any, on motions subsequently filed. In the absence of such an appeal, the conviction and sentence will be affirmed.
SUMMERS and MARCUS, JJ., concur.
DIXON, J., dissents with reasons.
CALOGERO, J., dissents for reasons assigned by DIXON, J.
DIXON, Justice (dissenting).
I respectfully dissent.
Refusing the defendant the right to call two character witnesses was serious error, violative of Art. 1, § 15, La.Const.1974, and cannot be harmless. There is no good reason for sequestering character witnesses, except during character testimony.
NOTES
[*] The record does not clearly indicate when the sequestration of witnesses was ordered. However, we are convinced that this was done at the outset of the trial and that defense counsel was aware of it, because prior to making his opening statement he complained that several of the State's witnesses were present in the courtroom in violation of the rule, and at his request they were removed.